FRANZ ALBERT v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

No. 119.

1. **Public Highway — Dedication — Acceptance by the Public.—** Where the issue is as to whether a highway had been dedicated to the public and accepted by it so as to prohibit the revocation of such dedication, an instruction that in order to constitute a public highway outside of a city or town, it is necessary that it should have been recognized as such by the public officials or tribunals of the county through which it runs having charge of the public roads, by some official act, such as designating it upon the official records as such, assigning hands to work it, etc., is too restricted, since there may be an acceptance on behalf of the public in other ways than by affirmative action on the part of the public authorities.

2. **Same.—**So, an instruction requiring such affirmative acts of acceptance on the part of the municipal authorities in order to constitute a public street by dedication in a city or town, is also erroneous for the same reason.

3. **Same—Estoppel by Deed.—**Where the owner of land having thereon a highway by dedication conveys the entire tract, without allusion to the highway, to one who is ignorant of the dedication, knowing that the grantee intends to build on the part so dedicated, he will be estopped to claim damages of the grantee for obstructing the highway by such building; but the deed will not so estop him unless he had knowledge of the grantee's intention to build on the dedicated part.

4. **Evidence—General Reputation as to Character of Highway.** Evidence of general reputation is admissible on the question as to whether a highway is public or private.

5. **Evidence of County Judge.—**A county judge may testify as to whether a highway by dedication has been recognized as a public road by the Commissioners Court over which he presides.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT.

*Bell & Green,* for appellant.—1. The power given the authorities to lay out and establish, change, and discontinue roads and public highways does not negative the existence of other roads otherwise established. The extent of the use of a road determines its character as public or not as a fact. Even where there is no acceptance on the part of the public authorities of a road, it will be regarded as a road, and kept open for the benefit of those who have purchased lots or built houses with reference to the lo-

cation of the same.   Railway v. Lee, 70 Texas, 496; 1 W. & W. C. C., secs. 81, 863; 2 Willson's C. C., sec. 204; Washb. on Eas. and Serv., sec. 108.

2.  The doctrine of estoppel in pais does not extend so far as to enable a person or corporation to do in effect what is forbidden by law, or what they are otherwise incapable of doing.   It therefore follows, that if the way in question belonged to the public, the defendant, with or without the contract made with plaintiff by Lindsay, was forbidden by law to obstruct said highway. 6 Wait's Act. and Def., 691, 684, 694; 14 N. Y., 167; 65 Texas, 225; 14 Cal., 279; Bige. on Estop., 484; Scoby v. Sweatt, 28 Texas, 730.

*J. W. Terry* and *J. H. Garnett*, for appellee.—1.   In order to constitute the road a public highway, the mere offer to dedicate the same by the owner of the land, or its use by the public, is not sufficient; and there must be some acceptance by the authorities representing the public, such as are indicated in the court's charge.   Gilder v. Brenham, 67 Texas, 346; Galveston v. Williams, 69 Texas, 449; Forbes v. Bolenseifer, 74 Ill., 187; 2 Sayles' Civ. Stats., art. 4390b; Michel v. The State, 12 Texas Ct. App., 108; Berry v. The State, 12 Texas Ct. App., 249; Hall v. The State, 13 Texas Ct. App., 270; Davidson v. The State, 16 Texas Ct. App., 340; Irwin v. Dixon, 9 How., 31; Wisconsin v. Joyce, 19 Wis., 103; 6 Wait's Act. and Def., 300.

2.  A party is estopped from claiming against the legal effect of his own deeds.   He can not sell property and receive pay for the same as his own, and afterward claim that the same belongs to a third party or the public.   Bige. on Estop., 4 ed., 322; Starr v. Sanderson, 19 Conn., 338; Moran v. Palmer, 13 Mich., 367.

HEAD, ASSOCIATE JUSTICE.—Appellant was the owner of about 10 acres of land within the corporate limits of the city of Gainesville, and in March, 1887, conveyed five-eighths of an acre to J. M. Lindsay by warranty deed, and received a valuable consideration therefor.   This deed called for the south line of appellant's tract, and made no allusion to there being a road or street along this line.   This land was conveyed to Lindsay for the use of appellee, and was afterwards conveyed by him to it. Appellee established its yards, round houses, and shops upon this land and land acquired by it from other parties adjoining and south thereof, and erected what is termed its sand house on the south line of the tract so conveyed by appellant, and in such position that it would obstruct the road or street, if such there was, along this line.   Appellant instituted this suit, alleging, that a public road or street had existed along the south line of the land so conveyed by him for a number of years, and that by reason of the obstruction of said street by appellee, he had been damaged by a

·diminution in the rental value of some houses owned by him near such obstruction.

Appellee answered, denying the existence of such public road or street; and also pleaded estoppel against appellant by reason of his conveyance aforesaid.

Upon the question as to whether or not there was such road or street, the court gave the following instruction to the jury: "To constitute a public highway outside the corporate limits of a town or city, it is necessary that it should have been used by the public as such and recognized as such by the public officials or tribunals of the county through which it runs, having charge of the public roads, by some official act, such as by designating it upon the official records as such, assigning hands to work it, making appropriations for its improvement, or such other acts indicating an acceptance of it as a public highway; and in order to constitute a public highway within the corporate limits of a town or city, it is necessary that it should have been used as such and accepted as such by the city council, by some act assuming control over it, and sufficient, in the opinion of the jury, to establish that it was accepted and recognized by such town or city as a public highway."

If this were a suit to render the municipality liable for negligence in failing to repair the highway, the definition given by the court would perhaps be unobjectionable, but we are of opinion that it is too restricted when the evidence raises the issue as to whether or not a highway had been dedicated to the public and accepted by it, so as to prohibit the revocation of such dedication. It has been frequently said in this State, that to render the municipality liable for a failure to repair a highway dedicated to the public, it is necessary that it should be accepted by the municipal authorities, no person having the right to impose this burden upon the public without their consent. Gilder v. The City of Brenham, 67 Texas, 345. And there are expressions in several cases which might be construed as holding that an acceptance by such authorities would be necessary to constitute a *public* road or street for any purpose. Worthington v. Wade, 82 Texas, 26; Railway v. Montgomery, 85 Texas, 64. But we do not understand any of these cases to go to the extent of holding that a highway which has been dedicated to the public may not be accepted in its behalf in other ways than by affirmative action on the part of the municipal authorities, and we understand several of them to indicate quite the contrary view.

In Worthington v. Wade, supra, it is said: "A road not originally established under the statute may become public by long continued use and adoption as such by the county commissioners, with the assent of the owner or by prescription. *A road may also become public, in the sense that the public have the right to use it by dedication.* * * * No act of any owner was proven which tended to show an intent to dedicate it to the

use of the public.   In this State, the mere acquiescence of the owner of unenclosed land in the use by the public of a road over it is not sufficient evidence of a dedication."   And in Ramthun v. Halfman, 58 Texas, 553, it is said:   "A highway may be created by a dedication or donation by the owner of his lands for that purpose, when such dedication has been accepted or recognized as a highway by the proper public authorities, *or when the same has been accepted and used as such by the public.*"   Also, see Railway v. Lee, 70 Texas, 496; Oswald v. Grenet, 22 Texas, 94.

The authorities outside of this State, as to what is necessary to constitute an acceptance of a highway dedicated to the public, are not at all in harmony; but Mr. Elliott, in his work on Roads and Streets, page 117, says, " This uncertainty is removed by the later authorities, and it may now be considered as the prevailing opinion, that an acceptance may be implied from a general or long continued use by the public as of right;" to sustain which he cites a great number of cases which seem to support his conclusion.

In this case, we are of opinion that there was some evidence which raised the issue as to whether or not this road had been dedicated to the public by the owners of the adjoining land prior to the conveyance by appellant; and we are of opinion that the charge of the court was too restricted, in requiring an acceptance of such dedication to have been evidenced by some affirmative act on the part of the county or city authorities.   The charge clearly conveyed to the jury the idea, that there could be no public highway without such action upon the part of the Commissioners Court or the city council, and we think this was error.

The court also gave the following instruction to the jury: "If you find that at the time the plaintiff conveyed to J. M. Lindsay for the railroad the five-eighths of an acre described in the deed from Lindsay to defendant which has been introduced in evidence before you, the plaintiff knew the purpose for which the railroad intended to use said land, and knew that such use would result in the obstruction of said road, then you will find for the defendant, even though you should believe that such road was a public highway; but unless plaintiff knew the purpose for which defendant intended to use said land, and knew that such use would obstruct the way, he will not be prevented from claiming damages."   We think this charge very clearly states the law applicable to this branch of the case.

Appellee contends, that appellant by his deed would be estopped, even without the knowledge on his part required by this charge, and that the judgment of the court below should be affirmed for this reason, regardless of all other questions; but we can not agree with it in this construction of the deed.   A deed to land fronting upon a public highway ordinarily conveys to the grantee the land to the middle of the road, subject to the easement; and we think it will be found, that by far the greater

number of these deeds, in describing the land conveyed, call for the line of the owner without, perhaps, in any way alluding to the highway; and in such cases we are not prepared to hold, that the grantor would by his deed be estopped from denying the right of his grantee to close the highway. Wooldridge v. Eastland County, 70 Texas, 680; Day v. Chambers, 62 Texas, 190; Mitchell v. Bass, 26 Texas, 372. But in such cases, if, in addition to his deed, the grantor knows that the purchaser is acquiring the land under the impression that there is no highway, and with the intention of appropriating it to a use inconsistent with the existence of such highway, and with such knowledge receives and appropriates the purchase money for the land, he would be estopped to deny the right of his grantee to use it for such purpose.

It seems to be well settled, that evidence of general reputation is admissible on the question as to whether or not a highway is public or private. 1 Greenl. on Ev., secs. 128, 140; Noyes v. Ward, 19 Conn., 269, which is approved in Cox v. The State, 41 Texas, 4.

It is unnecessary for us to decide whether or not the evidence of appellee's witnesses complained of by appellant was strictly admissible upon this ground or not, as it will hardly be presented in the same form upon another trial.

We see no objection to the county judge testifying as to whether or not this highway was recognized as a public road by the court over which he presided.

For the error in the charge of the court first above indicated, we are of opinion that the judgment of the court below should be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered March 23, 1893.