

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
F' Paso, TX. 79905-2793
533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 31, 1984

Honorable Grant Jones
Chairman
Finance Committee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas   78711

Opinion No.JM-200

Re:  Whether a county may use
county equipment and machinery
to maintain roads in rural
subdivisions

Dear Senator Jones:

You ask whether the Burnet County commissioners court may use county equipment and machinery to maintain roads in rural subdivisions. Particularly, you ask the following questions:

> 1.  What action is necessary to authorize a county to maintain a roadway in a rural subdivision?
>
> 2.  In the filing of a subdivision plat which purports to 'hereby dedicate the roads, streets, passageways, and all alleys shown thereon to the use of the public forever' sufficient to authorize county maintenance of those roadways?

You inform us that an injunction was granted in 1971 prohibiting the commissioners court of Burnet County from using county equipment and machinery to maintain private roads. Based on this injunction, Burnet County has refused to maintain roads in rural subdivisions.

On April 22, 1972, a subdivision plat was filed purporting to "hereby dedicate the roads, streets, passageways, and all alleys shown thereon to the use of the public forever."

The Texas Constitution authorizes the legislature to provide for the construction and maintenance of public roads. See Tex. Const. art. VIII, §9; art. XI, §2; art. XVI, §24. Under this grant of authority, the legislature has delegated to commissioners courts the general power to "[l]ay out and establish, change and discontinue public roads and highways," and to "[e]xercise general control over all roads, highways, ferries and bridges in their counties." V.T.C.S. art. 2351(3) and (6). In addition to these general powers, commissioners courts are given further and more detailed powers over

the construction and maintenance of public roads by the enactment of the County Road and Bridge Act. V.T.C.S. art. 6702-1. The act gives commissioners courts authority to

> (1) make and enforce all reasonable and necessary rules and orders for the construction and maintenance of public roads except as prohibited by law;
>
> (2) hire the labor and purchase the machinery and equipment needed to construct and maintain public roads. . . .

V.T.C.S. art. 6702-1, §2.002(b).

In the exercise of this authority, commissioners courts cannot go beyond the powers either expressly granted or necessarily implied from the language of the grant. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948). While commissioners courts have broad discretion in exercising powers expressly conferred on them, nevertheless the basis for any action must be ultimately found in the constitution or statutes. Id. at 453.

Except in circumstances not pertinent here, commissioners courts are not constitutionally or statutorily authorized to construct or maintain private roads. Furthermore, case law expressly prohibits the use of "county labor, materials or equipment for other than public use." Godley v. Duval County, 361 S.W.2d 629, 630 (Tex. Civ. App. — San Antonio 1962, no writ). Since no basis for the construction or maintenance of private roads is found in the constitution or statutes, the commissioners court may not exercise such power.

However, commissioners courts are expressly authorized by the County Road and Bridge Act to construct and maintain public roads in their counties. The Texas Supreme Court set out the basic principles for determining when a road becomes a public road, stating:

> All roads which have been laid out and established by authority of the commissioners' courts are public roads . . . . A road not originally established under the statute may become public by long-continued use and adoption as such by the county commissioners with the assent of the owner or by prescription. A road may also become public, in the sense that the public have the right to use it, by dedication.

Worthington v. Wade, 17 S.W. 520, 521 (Tex. 1891). These principles have been carried forward into modern case law, and somewhat elaborated.

Basically, there are three ways a road may become public such that a county will have authority to maintain it. First, a road can be established ab initio as a public road upon a commissioners court's own motion, Doughty v. DeFee, 152 S.W.2d 404, 409 (Tex. Civ. App. - Amarillo 1941, writ ref'd w.o.m.), or in response to an application therefor by the requisite number of freeholders under the provisions of article 6702-1 -- a procedure which requires condemnation and awarding of damages. V.T.C.S. art. 6702-1, §§2.003 and 2.004. Second, a public road may be established by prescription. In this situation, it is necessary to show that an "uninterrupted user of the way has been made by the public, under an adverse claim of right, for the statutory period of limitation." Ladies' Benevolent Society of Beaumont v. Magnolia Cemetery Co., 288 S.W. 812, 815 (Tex. Comm'n App. 1926, judgmt adopted). Finally, a road may become a public road by dedication, a setting apart by the fee owner for public use, and acceptance. See Heilbron v. St. Louis Southwestern Railway Co. of Texas, 113 S.W. 610, 612 (Tex. Civ. App. 1908).

Thus, in answer to your first question, we conclude that a county is authorized to maintain roadways in rural subdivisions if the roads were established ab initio as public roads by the commissioners court, by prescription, or by dedication and acceptance by the county.

You also ask whether the filing of a subdivision plat which purports to "dedicate the roads, streets, passageways and all alleys . . . to the use of the public forever" is sufficient to authorize county maintenance of those roadways. To effect a proper dedication of land to public use, the owner must make an offer of dedication, which must be accepted. There are two kinds of dedication -- statutory and common-law.

A statutory dedication is one made in conformity with the provisions of the statutes comprising Texas subdivision control. The regulatory scheme depends upon the recordation of a developer's map or plat. Article 6626a, V.T.C.S., provides that no plat of any subdivision shall be filed unless it is authorized by the commissioners court. After approval, the plat is filed in the office of the county clerk of the county in which the land lies. Art. 6626a, §2. The commissioners court is authorized to withhold plat approval if a submitted plat does not meet the requirements of the act. Art. 6626a, §4. But, if the commissioners court does not disapprove the plat or does not refuse to authorize the filing of such a plat in the county clerk's office when deciding whether a plat "meets the requirements as set forth in this Act," the commissioners court in effect approves the plat and authorizes its filing whether it stamps

"approved and authorized" on the plat or whether it stamps "not disapproved and not unauthorized" thereon. Attorney General Opinion WW-1438 (1962).

If the subdivider complies with the provisions of article 6626a, an authorized filing by the commissioners court becomes a "mere ministerial duty, the performance of which may be compelled by mandamus." Commissioners' Court v. Frank Jester Development Co., 199 S.W.2d 1004, 1007 (Tex. Civ. App. - Dallas 1947, writ ref'd n.r.e.).

Common-law dedications are of two classes -- express and implied. Ladies' Benevolent Society of Beaumont v. Magnolia Cemetery Co., supra, at 814. In both, it is necessary that there be an appropriation of the land by the owner to public use, in the one case, by some express manifestation of his purpose to devote the land to public use; in the other, by some act or course of conduct from which the law would imply such an intent. Id. Long-continued use by the public is sufficient to imply a dedication by the owner. City of Waco v. Fenter, 132 S.W.2d 636, 637 (Tex. Civ. App. - Waco 1939, writ ref'd).

However, to render a dedication complete, there must be an acceptance of the dedication. Commissioners' Court v. Frank Jester Development Co., supra, at 1006. An acceptance, too, may be express or implied. A commissioners court expressly accepts a dedication when it votes on and notes the acceptance in the minutes. However, the mere filing and approval of a subdivision plat showing streets to be dedicated does not constitute an acceptance. Id. at 1007. An acceptance may be implied, for instance, from the county's failure to assess for taxes in connection with "laying gas and water mains, building sidewalks, or grading for streets," City of Waco v. Fenter, supra, at 638, or where a county makes repairs upon the street, or plats it on official maps. Gilder v. City of Brenham, 3 S.W. 309, 311 (Tex. 1887). An acceptance may also be implied from long-continued public use of the property. Albert v. Gulf, C. & S.F. Railway Co., 21 S.W. 779, 780 (Tex. Civ. App. - 1893, no writ).

Hence, in answer to your second question, the filing of a subdivision plat alone is insufficient to authorize a county to maintain roads in rural subdivisions, since the dedication is a mere offer. Commissioners' Court v. Frank Jester Development Co., supra, at 1007.

We note that the injunction in Burnet County, which prohibits the use of county equipment for maintenance of private roads, does not alter the county's authority to maintain public roads.

## S U M M A R Y

A commissioners court may use county equipment and machinery to maintain roads in rural subdivisions if the roads were established ab initio as public roads by the commissioners court, by prescription, or by dedication and acceptance.

Very truly yours

**J I M   M A T T O X**
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton