Mr. Justice MILLER,
 

 delivered the opinion of the court.
 

 1. The first error claimed to be found in the record of this
 
 *194
 
 case is based on the proposition of the defendant below, that the
 
 locus in quo
 
 was not a legally established public street, and therefore the city was not liable for its condition. On this point the court ruled adversely to. the city.
 

 The facts as shown by the bill of exceptions in reference to this matter are in substance these: The place where the accident occurred was formerly a part of the City Hall Park, the property of the corporation of the city of Hew York. In Hovember, 1847, the City Council ordered that the'lower corner-line of the Park be so adjusted as to make a curve, instead of corners and angles, from Broadway to Chatham Street. The execution of those order’s, placed in the street the ground where the plaintiff received his injury, and it became a part of the sidewalk at that place.
 

 It is now argued that this is not a street, because the land was not condemned agreeably to a certain statute of the ¡State for the opening and widening of streets. This statute was intended to secure to private land-owners compensation for their property taken for public uses, and can have no application to the case of an appropriation by the City Council, of land owned by the city to the purpose of a street.
 

 It is also said that the Park is, both by contract and by statute, pledged for the redemption of the city debt, and therefore cannot be thus appropriated. It will be time enough to consider this question when some creditor of the city shall raise it. The legal title and the present use and possession are in the city, and were when the land was converted into a street, and it does not lie in the mouth of the city authorities, under these circumstances, to claim exemption for their negligence in the manner of making this conversion, under the plea that the act was a violation of their duty to public creditors.
 

 If the authorities of a city or town have treated a place as a public street, taking charge of it and regulating it as they d®'.other streets, and an individual is injured in consequence-of the negligent and careless manner in which this is done, the corporation cannot, when it is sued for such injury, throw the party upon an inquiry into the regularity of
 
 *195
 
 the proceedings by which, the land became a street, or into the authority by which the street was originally established.
 

 2. The second error is supposed to have been found in an exception to the following language of the court in the charge to the jury: “If they (the corporate authorities) leave an opening in the sidewalk, which is sometimes done, and a person coming along in the night falls into it, without any want of proper care on his part, the defendants are liable for any injury that may be occasioned. So, if an obstruction in the face of a sidewalk, over which a person stumbles — a box, if you please, left out on the sidewalk on a dark night, or barrels, over which a person stumbles and falls in the absence of want of care on his part — the defendants are equally liable for the injury. The opening, in the one case, and the obstruction, in the other, constitute the negligence on the part of the authorities who have control of the matter, and, in order to escape from the charge of liability, the burden is thrown upon them to disprove the negligence.”
 

 To this charge it is objected that it precluded the defendants from any attempt to show that they were not guilty of negligence, because, if the obstruction constituted the negligence, the existence of the obstruction being proved, no defence could'be offered. But this is a verbal criticism not justified by the language of the court, which in the same sentence declares that, in order to escape from liability, the burden is thrown upon defendants to disprove the negligence. Ho one cari read the charge without seeing that the jury must have understood the court as meaning, that the existence of those obstructions was such evidence of negligence as required of the authorities explanations in order to escape liability.
 

 Another objection to this charge is that it ignores the necessity of notice to the authorities of the existence of the obstruction.
 

 It is certainly true, as a general proposition, that before the corporate authorities can be held liable in this class of cases, it must be shown that they knew of the existence of the cause of injury, or had been notified of it, or such a state
 
 *196
 
 of circumstances must bo shown that notice would he implied. And it is true that this charge makes no reference to notice whatever. But when we look into the facts of this case, as shown by the hill of exceptions, we discover a very plain reason why this was omitted. The question of notice, as a fact, could not he disputed, and therefore did not arise as a matter on which the jury required instructions.
 

 The city authorities, in converting the part of the Park already mentioned into a street, had cut down a tree, and left the stump standing from six to eight inches above the surface, and from fourteen to eighteen inches inside the curbstone, on the sidewalk. This was done in 1847; and this stump, thus left by the city authorities, who had cut down the tree, remained in that condition until the time of the accident to plaintiff, in 1857.
 

 These facts were uncontradicted, and stronger proof of notice could not be given. It closed the question, and the omission in the judge’s charge of any reference to that subject was justified by the testimony. It would have been superfluous.
 

 Judgment aeeiRMED.