ROSCOE G. JORDAN

*v.*

THE CITY OF CHENOA.

*Filed at Springfield May 11, 1897.*

1. DEDICATION—*a plat properly certified, acknowledged and recorded passes fee in streets upon acceptance by municipality.* A plat duly certified, acknowledged and recorded as required by statute, operates, upon acceptance by a municipality, as a conveyance in fee of the streets and alleys therein described.

2. SAME—*plat does not operate to convey streets and alleys before acceptance.* A plat, though duly certified, acknowledged and recorded, does not operate as a conveyance in fee of the streets and alleys to a municipality where no action is taken by such municipality indicating an intention to accept the same.

3. SAME—*acceptance not presumed from execution and recording of plat.* Acceptance by a municipality of streets and alleys cannot be presumed from mere proof of the execution and recording of a plat.

4. SAME—*acceptance of part of streets and alleys in plat not an acceptance of all.* Acceptance by a municipality of part of the streets and alleys described in a plat is not an acceptance of all.

5. LIMITATIONS—*equitable estoppel may be invoked against city though Statute of Limitations does not apply.* While the Statute of Limitations does not run in favor of an individual against a municipality holding streets and alleys for the general public under acceptance of a dedication, yet the doctrine of equitable estoppel arising from abandonment and non-user may be invoked against it.

6. ESTOPPEL—*when city is estopped to assert title to an alley.* Total abandonment and non-user of an alley by a city for nearly thirty years, during which time the alley is enclosed with abutting property, and is in the open, adverse and notorious possession of the abutting owner, who has erected improvements thereon, will estop the city from asserting title thereto.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was a bill in equity brought by the city of Chenoa, against Roscoe G. Jordan, to enjoin him from closing up an alley in block 15 in Hamilton's first addition to Chenoa, running east and west between lots 1 and 2 on its north side and lots 3 and 4 on its south side. The

following plat which appears in the record shows the lots in block 15 and the streets and alley as they were originally platted:

JOHN E. POLLOCK, MAYNE POLLOCK, and WILLIAM L. MILLER, for appellant:

Mere non-user for twenty years affords a presumption of extinguishment, though not a very strong one, in a case unaided by circumstances; but if there has been, in the meantime, some act done by the owner of the land charged with the easement, inconsistent with or adverse to the right, an extinguishment will be presumed. *Peoria* v. *Johnston*, 56 Ill. 51; *Lewiston* v. *Proctor*, 20 id. 418; *Littler* v. *Lincoln*, 106 id. 353; *Champlin* v. *Morgan*, 20 id. 182; *Winnetka* v. *Prouty*, 107 id. 218; 3 Kent's Com. 448.

To make a complete dedication there must be some act indicating an acceptance by the public authorities. *Hamilton* v. *Railroad Co.* 124 Ill. 235.

ROWELL, NEVILLE & LINDLEY, for appellee:

An injunction lies at the suit of a city to prevent obstructions in streets and alleys, and to prevent the closing of streets and alleys after they have been opened. *Railway Co.* v. *Chicago,* 96 Ill. 620; *Railroad Co.* v. *Quincy,* 136 id. 489.

Where two or more parties own land in the same subdivision, neither party can obstruct the other in the use of an alley when the use of the same would be beneficial, and injunction will lie to restrain the closing of the alley. *Newell* v. *Sass,* 43 Ill. App. 580.·

If a fence is in a street or alley any person may remove it without being guilty of trespass. *Brooke* v. *O'Boyle,* 27 Ill. App. 385.

A plat of a town, properly certified, acknowledged and recorded, operates as a conveyance in fee simple to the public, and subsequent incorporation of the inhabitants of the lands so platted is conclusive evidence of acceptance. *Lee* v. *Mound Station,* 118 Ill. 304.

Where a municipal corporation holds property in trust, neither mere non-action of its officers, nor the Statute of Limitations, can be set up against the corporation to defeat its right to execute the trust. *Lee* v. *Mound Station,* 118 Ill. 304; *Railroad Co.* v. *Joliet,* 79 id. 25; *Logan County* v. *Lincoln,* 81 id. 156; *Piatt Co.* v. *Goodell,* 97 id. 84.

No estoppel can ordinarily arise from the acts of a municipal corporation, or the officers thereof, done in violation of or without authority of law. *Segar* v. *Mueller,* 133 Ill. 95.

Municipal corporations are not within the operation of the Statute of Limitations in respect to public rights, and although the doctrine of equitable estoppel is sometimes applied, yet the cases are exceptional, and when

they occur the public is only held to be estopped on account of special circumstances which would make it highly inequitable or oppressive to enforce public rights. *Catlett* v. *People ex rel.* 151 Ill. 24.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Hamilton's first addition to Chenoa was laid out, platted and acknowledged, as required by law, on the 26th day of August, 1866, and the plat was duly recorded in the recorder's office of McLean county on November 20, 1886. At the time the addition was laid out the lots were open and unenclosed prairie. In 1867 the appellant, Jordan, purchased lot 3, and on the third day of April, 1875, he purchased of one Peters the west half of lot 1 and all of lot 2. On the 17th of May, 1875, he purchased the west half of lot 4, and in 1894 he purchased the east half of lot 1. The city authorities of the city of Chenoa never took possession of the alley running east and west through block 15 and never did any work upon it, and there never was any travel over it. In 1867 Jordan enclosed lot 3, and about the year 1870 Peters enclosed lot 2, and in fencing their respective lots the alley between them was fenced up, and in the spring of 1875, when Jordan purchased the west half of lot 1 and the west half of lot 4, the alley, as platted, between these half lots was fenced up. It thus appears that a part of the alley in controversy was fenced up for at least twenty-seven years and the remainder for over twenty years, and during that time no effort whatever was made by the city to open or improve it. Indeed, no action was ever taken by the city in reference to the alley until in July, 1895, when an attempt was made to open it by force, and after a part of the obstructions was removed an injunction was obtained to prevent appellant from regaining possession of the property.

Under the facts as presented by the record the question presented is, whether the title to the alley in July,

1895, was in the city of Chenoa, and whether the city authorities at that time had the right to open it, as they attempted to do.

It may be conceded that a plat of a town, properly certified, acknowledged and recorded as required by the statute, when accepted by the municipality, operates as a conveyance in fee of the streets and alleys contained in the plat. But there must be an acceptance by the municipality. In *Littler* v. *City of Lincoln*, 106 Ill. 353, we had occasion to consider the effect of a proposed dedication like the one in question, and it was there held that until acceptance of a proposed dedication by the municipal authorities of a city or town, although the original proprietor may be estopped to deny a dedication of the streets and alleys as against intervening rights, his acts in platting an addition to the city or town, and acknowledging and recording such plat, are in the nature of a mere offer to the municipality, and until the proper authorities accept the dedication they cannot be bound, by *mandamus* or otherwise, to open or improve the streets, and until such acceptance they can have no right in the streets, as trustees or otherwise, and that an acceptance of the dedication cannot be presumed from mere proof of the execution and recording of the plat. Here, as has been seen, the plat was made and recorded in 1866, but the city of Chenoa took no action in regard to the alley in question until July, 1895. Had the city intended an acceptance, surely some act would have been done indicating that intention before the expiration of twenty-nine years.

But it is said that the city took control of a part of the streets named in the plat of the addition, and an acceptance of a part may be regarded as an acceptance of all the streets and alleys named in the plat of the addition. That question arose in *City of Chicago* v. *Drexel*, 141 Ill. 89, and we there held that an acceptance of a part was not an acceptance of the whole. In the discussion

of the question it is there said (p. 109): "It is also urged
that the acceptance by the municipal authorities of the
town of Lake View of other streets in said Hundley's
subdivision is to be regarded as a constructive accept-
ance of a street over the strip of land in question.   The
rule, which seems to be abundantly supported by the au-
thorities, is, that when a person, in platting property,
maps out streets thereon, the authorities may accept
them in whole or in part.   An acceptance of a part is
no acceptance of the whole, (citing authorities).   The
authorities also seem to be clear that since to render a
dedication complete and effectual it must be accepted by
the public, it is before acceptance a mere offer, which
the owner of the land may revoke at any time."

But if there had been here an acceptance, in the first
instance, upon the execution and recording of the plat,
there was such an abandonment or non-user on behalf of
the city as would prevent it from asserting the accept-
ance when it attempted to open the alley in July, 1895.
The appellant had been in the open and notorious posses-
sion of the west three-fourths of the block, including the
alleged alley, for more than twenty years.   He had trees
growing in the alley, a house standing on a part of it
and a hedge fence growing across the end of it, and he
had used it as his own property without objection from
any quarter.   In *City of Peoria* v. *Johnston*, 56 Ill. 45, it was
held that where ground upon which a highway was laid
out, or which was dedicated for that purpose, has been
in the open and exclusive adverse possession of the
owner of the land for twenty years, and a complete non-
user of the easement by the public during that time, an
extinguishment will be presumed.   In *Village of Winnetka*
v. *Prouty*, 107 Ill. 218, where an alleged street between
two blocks had been fenced for twenty years, and the
public authorities acquiesced in the inclosure of such
street for that time, it was held that there was such an
abandonment by the public as would preclude the open-

ing of the street. *Village of Auburn* v. *Goodwin*, 128 Ill. 57, is a case also in point. There an action was brought by the village to recover possession of certain alleys in block 3, in Buck's addition to the town of New Auburn. Among other defenses, abandonment or non-user was relied upon to defeat a recovery. There, as here, it appeared the alleys had been fenced up for over twenty years, and no effort had been made by the village authorities to remove the obstructions. In the decision of the case, after referring to *Peoria* v. *Johnston* and *Winnetka* v. *Prouty*, it was said (p. 67): "This doctrine is supported by other decisions of this court, and the evidence in the case before us brings it clearly within the rule announced. The alley running east and west, and the south half of that running north and south, have been in the open, adverse and exclusive possession of appellees for nearly thirty years, and the whole of the one north and south for more than twenty years, prior to the bringing of the suit. We are of opinion that there has been such non-user on the part of appellant as to bar its right of recovery."

It is not claimed, nor could it be successfully, that the Statute of Limitations has run against the city. Municipal corporations, in all matters involving mere private rights, are subject to limitation laws in like manner as individuals, but in all matters involving public rights they are not subject to the limitation laws as such. (*County of Piatt* v. *Goodell*, 97 Ill. 84.) Where streets and alleys have been dedicated and accepted they are held by the municipality in its public capacity. They are held in trust for the benefit of the general public, and when so held the Statute of Limitations will not run in favor of a private individual to bar the rights of the public. But while the Statute of Limitations does not apply in cases of this character, the defense of equitable estoppel from abandonment or non-user may be invoked. As an illustration of this doctrine, in *Lee* v. *Town of Mound Station*, 118 Ill. 304, in the discussion of the question, it

was said (p. 317): "It is true that we have held that where the public have long withheld the assertion of control over streets, and private parties have been, by the acts of those representing the public, induced to believe the streets abandoned by the public, and on the faith of that belief, and with the acquiescence of those representing the public, they have placed themselves, by making structures or improvements in the street, in a situation where they must suffer great pecuniary loss if those representing the public be allowed afterwards to allege that the street was not abandoned, the doctrine of equitable estoppel may be applied."

Under the rule established by the cases cited, we think it is clear the city of Chenoa, in July, 1895, had no right to open the alleged alley. The court therefore erred in rendering a decree making the injunction perpetual. That decree will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded.*