## POINDEXTER v. SCHAFFNER et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 29, 1913. On Motion for Rehearing, Jan. 3, 1914.)

1. DEDICATION (§ 1*)—NATURE.

"Dedication" is a setting apart of land for the public use, and may be either statutory or at common law, the distinction between a statutory and a common-law dedication being that the statutory dedication operates as a grant, while the common-law dedication operates by way of estoppel in pais.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 8, 10–12; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 2, pp. 1908–1918; vol. 8, pp. 7629, 7630.]

2. DEDICATION (§ 23*) — STATUTORY DEDICATION.

To constitute a valid statutory dedication of land as a street, there must be a substantial compliance with the statute in the manner prescribed.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 55, 56, 60; Dec. Dig. § 23.*]

3. DEDICATION (§ 1*)—COMMON-LAW DEDICATION.

Common-law dedications are either express or implied, it being necessary in each case that there be an appropriation of land by the owner to the public use, which may be express, or may be shown by some act or course of conduct.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 8, 10–12; Dec. Dig. § 1.*]

4. DEDICATION (§ 19*)—DEDICATION BY PLAT.

There is a valid dedication of land as streets if the owner of a tract which has been platted into blocks, lots, and streets as an addition by a recorded map conveys the lots by deed referring to such map.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 35, 37–47; Dec. Dig. § 19.*]

5. MUNICIPAL CORPORATIONS (§ 759*) — ACCEPTANCE—NECESSITY.

A municipality is not bound by a common-law dedication of a street by the owner, so as to impose the obligations of caring for it, unless it accepts the dedication.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1595–1600; Dec. Dig. § 759.*]

6. DEDICATION (§ 19*) — COMPLIANCE WITH STATUTE.

There was no valid statutory dedication of a street, which was a part of a platted addition, where the street as laid out did not conform to the existing streets and lots abutting on the same, as required by Dallas charter, art. 1, § 3.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 35, 37–47; Dec. Dig. § 19.*]

7. VENDOR AND PURCHASER (§ 229*) — BONA FIDE PURCHASER—COMPLIANCE WITH DEDICATION STATUTE.

One who purchased a lot which was a part of a tract attempted to be* dedicated by his grantor as an addition to a city is chargeable with notice that his grantor did not comply with the statutory requirements in platting the addition and dedicating the streets therein.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 477–494; Dec. Dig. § 229.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Suit by J. E. Poindexter against John Schaffner in which others intervened. From an order denying injunction, plaintiff appeals. Affirmed.

R. V. & W. S. Davidson, of Dallas, for appellant. Pierson, House & Pierson, C. F. O'Donnell, G. C. Adams, and Dwight L. Lewelling, all of Dallas, for appellees.

TALBOT, J. H. Y. Field, in 1895, platted what is known as "Ross Avenue Addition" to the city of Dallas, Tex., and filed a map of said addition for record in the office of the county clerk of Dallas county. A copy of this map is included in the statement of facts, and it appears therefrom that the land in said addition was laid off into blocks and lots, and certain streets and alleys designated thereon. Among the streets so designated was Juliette street. Subsequently the name of this street was changed to, or at least known as, Munger avenue, and lots in said addition were sold with reference to said map. Juliette street, now Munger avenue, extends east and west beyond Ross Avenue addition, and houses erected on lots in said addition, as well as houses erected on lots east and west thereof, were erected with reference to said street, and fronted thereon, and a street railway has been operated on said Munger avenue for a number of years. In 1911 Clayton D. Browne owned in the city of Dallas a tract of land 651 feet long by about 325 feet wide, which adjoined the said Ross avenue addition on the north or northwest, with Munger avenue as the southern boundary thereof. At this time there were no improvements on Browne's land or streets running through the same, but in August, 1911, he platted it into lots, with a street running through the middle thereof, parallel with Munger avenue, called "Haskell Place," and his plat was filed for record in the office of the county clerk of Dallas county, Tex. From said plat it appears that Browne's said tract of land was laid off into 26 lots, called Haskell Place addition, all fronting on Haskell Place street, opened by him. Thereafter Browne proceeded to sell these lots according to the plat he had made and filed, and at the time this suit was instituted had sold all of said lots except two. He sold to appellant lots fronting on both sides of Haskell Place street, among them being lot No. 18, which adjoins lot No. 17, which is in the tier of lots south of Haskell Place street, and, according to Browne's plat, fronts that street. The said lot No. 17 was sold and conveyed by Browne, by warranty deed, to a man named Vandivort, and by Vandivort, by the same character of deed, to appellee John Schaffner. There is evidence to the effect that the city of Dallas, through its proper officer, granted two or three building permits to owners of lots in "Haskell Place Addition," recognizing the right of such owners to front their buildings on Haskell Place street, and in other ways it

is claimed accepted the dedication of said street. After this the city of Dallas refused to grant any further permits for the construction of houses fronting on "Haskell Place Street," but issued to appellee, Schaffner, a permit to erect on his lot No. 17 of Haskell Place addition a house fronting on Munger avenue. Appellee Schaffner having begun under the city's permit to erect a house on his said lot No. 17 fronting on Munger avenue, appellant brought this suit, and prayed that the city of Dallas be required to cancel the permit issued to appellee, Schaffner, and that Schaffner be enjoined and restrained from fronting his house on Munger avenue. The allegations of appellant's petition, briefly stated, are that all of the lots in Haskell Place addition were platted to front according to said plat, and that if he carried out his plans and purpose to face his house the other way, on Munger avenue, in violation of said plat and map, appellant would be greatly damaged, etc. W. S. Diamond, T. J. Melam, J. B. Prater, J. T. Brady, S. R. Dale, Frank Schmitz, and Mrs. E. S. Mayfield intervened in the cause, and, among other things, alleged that they are citizens and taxpayers in the city of Dallas, and are the owners in fee simple of certain property abutting on Munger avenue, on which street abuts appellee Schaffner's lot No. 17, and that the property of interveners is located just across said street and opposite said lot No. 17 and lots belonging to appellant herein; that the property so located and owned by interveners is worth in the aggregate the sum of $26,500, and that to grant the relief herein sought by the appellant would result in irreparable injury to them; that interveners purchased and improved the property now owned by them, respectively, abutting on Juliette street, now Munger avenue, according to a plat or map describing what is known as Ross Avenue addition to the city of Dallas, which map was filed for record in the office of the county clerk of Dallas county, Tex., on the 23d day of July, 1895, and recorded in volume 190, page 80, of the Deed Records of said county; that all of the streets and alleys as shown by said map, including Juliette street, now Munger avenue, were duly dedicated to public use and accepted by the city of Dallas and opened for public travel, and that the platting of Haskell Place addition, with its lots fronting on Haskell Place street, was a violation of and contrary to section 3, art. 1, of the city charter of the city of Dallas, wherein it is provided that property platted into blocks and lots shall be laid off to conform to the streets and lots abutting on said streets. Upon a hearing before Hon. J. C. Roberts, judge of the Sixty-Eighth Judicial District Court, appellant's prayer for injunction was denied, and from that order appellant prosecutes this appeal.

Appellant contends that since it appears from the undisputed evidence that Clayton D. Browne, the owner of the tract of land involved in this controversy, divided the same by a street running through the same, and platted the same into lots fronting on said street, and filed said plat for record in Dallas county, and thereafter sold the lots according to said plat, among them the lots of appellant and the lot of appellee Schaffner, the appellant acquired, by such platting and designation, a right and easement to have all said lots front according to said plat, and that, as appellee Schaffner was attempting to front otherwise and contrary to said plat, appellant was entitled to an injunction restraining him from so doing; that such right to an injunction was not dependent or conditioned on the city of Dallas accepting the dedication by the said Browne of the said street to the public, but that if acceptance was necessary, the undisputed evidence showed such acceptance. On the other hand, appellees contend that since the charter of the city of Dallas expressly declares that, should any property lying within the city limits as established thereby be platted into blocks and lots, the owners of said property shall plat and lay the same off to conform to the streets and lots abutting on same, and shall file with the engineer of the city a correct map thereof, and that, since Browne failed to plat his land into lots fronting on Munger avenue, which at said time and long before had been dedicated to public use, and in conformity to the lots situated in the Ross Avenue addition abutting on said street, appellant had acquired no such right by Browne's plat and dedication of Haskell Place street to public use as entitled him to the injunction prayed for in this suit. In essential particulars, we agree with the contention of appellees.

[1] Dedication is defined to be the setting apart of land for the public use, and there are two general kinds of dedication, namely, statutory and common-law. A statutory dedication is one made in conformity to the provisions of a statute, the distinguishing difference between it and a common-law dedication being that the former operates by way of a grant, and the common-law by way of an estoppel in pais.

[2] In order to constitute a valid statutory dedication, the provisions of the statute must be substantially complied with, and such acts as it requires must be performed substantially in the manner prescribed. Elliott, Roads and Streets, page 85.

[3] Common-law dedications are subdivided into two classes, express dedications and implied dedications. "In both express and implied common-law dedications it is necessary that there should be an appropriation of land by the owner to public use, in the one case by some express manifestation of his purpose to devote the land to the public use, in the other by some act or course of

conduct from which the law will imply such intent." Elliott, Roads and Streets, p. 90.

[4] If, therefore, the owner of land which has been laid off and platted into blocks, lots, and streets as an addition to a city, by a map placed on the public records, sells and conveys the lots or blocks by deed referring to the map, in the description thereof, it constitutes a dedication to the public of such streets, and the rights in such streets become thereby vested in such purchasers and in the public.

In treating of this subject in the case of Lamar County v. Clements, 49 Tex. 354, Judge Moore, speaking for the Supreme Court of this state, said: "It has been repeatedly held by this court, as well as by many others, that where the owner of land lays out and establishes a town, and makes and exhibits a map or plan of the town, with streets and public squares, and sells the lots with reference to such plan, the purchasers acquire, as appurtenant to their lots, all such rights, privileges, easements, and servitudes represented by such map or plan to belong to them, or to their owners; that the sale and conveyance of lots according to such map implies a grant or covenant, for the benefit of the owners of the lots, that the streets and other public places represented by the map shall never be appropriated by the owner to a use inconsistent with that represented by the map, on faith of which the lots are sold, and especially so where the use to which the owner proposes converting them tends to lessen the value of the lots thus sold."

[5] As has been seen, however, it is essential to a valid statutory dedication, and necessarily to the maintenance of rights claimed thereunder, that the provisions of the statute be substantially complied with, and that such acts as it requires be performed substantially in the manner prescribed. Now, the rights which a municipality acquires in a street by reason of dedication is burdened with the obligation to improve and care for the same, and to protect the public in the reasonable use thereof. Before this obligation can be imposed, it is necessary that the municipality accept the dedication. A dedication may be binding as a common-law dedication against the grantor, on the ground that he is estopped from asserting rights inconsistent with his former acts or declarations, and yet not be such a dedication as will invest the municipality with control of and charge it with duty of repairing the streets sought to be dedicated, or make the municipality liable for injuries caused by the defective or unsafe condition of the streets. To charge the city with such duty and make it liable for damages resulting from defects in the street, there must be an acceptance of the dedication by the proper authority. Gillean v. City of Frost, 25 Tex. Civ. App. 371, 61 S. W. 345; Krause v. City of El Paso, 101

S. W. 828; Holdane v. Trustees, 21 N. Y. 474; Littler v. City of Lincoln, 106 Ill. 353; Jordan v. City of Chenoa, 166 Ill. 530, 47 N. E. 191. The record sent to this court does not disclose an express acceptance of the Haskell Place addition, or the dedication of the streets of that addition, by the board of commission of the city of Dallas, and whatever evidence there may be of an implied acceptance, it is of such a nature as to raise an issue of fact in regard thereto, and the issue was determined against appellant by the lower court. But whether an acceptance on the part of the city of Dallas was essential to appellant's right to the relief sought need not on this appeal be definitely decided. We will say, however, that we are inclined to think proof of acceptance was necessary, and that the evidence fails to disclose the same by the constituted authority of the city of Dallas. City of San Antonio v. Sullivan, 23 Tex. Civ. App. 619, 57 S. W. 42.

[6] Browne in attempting to plat Haskell Place addition did not, according to the testimony in the record, comply with the provisions of the city charter of the city of Dallas, in that his land was not so platted and laid off as to conform to existing streets and the lots abutting on the same. Section 3, article 1, of the charter of said city reads as follows: "Should any property lying within the city limits as established by this act be hereafter platted into blocks and lots, then and in that event the owners of said property shall plat and lay the same off to conform to the streets and lots abutting on same, and shall file with the city engineer a correct map of same; provided, that in no case shall the city of Dallas be required to pay for any of said streets at whatever date opened, but when opened by reason of the platting of said property at whatever date platted, they shall become by such act the property of the city of Dallas for use as public highways, and may be cared for as such."

It appears without dispute that the tract of land owned by Browne and platted into lots by him, adjoined Ross Avenue addition on the north or northwest, with originally Juliette street, now Munger avenue, as the southern boundary thereof. Ross Avenue addition was a much older addition to the city of Dallas than Haskell Place addition, platted by Browne, and the streets thereof, including Juliette street, now Munger avenue, had been dedicated to public use and accepted by the city and public long prior to the dedication of the streets of Haskell Place addition. At the time Browne filed his plat and map of Haskell Place addition for record the section and article of the city charter above referred to was in force, and it appears from said map that the lots of said addition south of Haskell Place street, and just north of and abutting on Munger avenue, front Haskell Place street, and not

Munger avenue. The lots in Ross Avenue addition which abut on Munger avenue south of Haskell Place addition front Munger avenue, and upon many of said lots, if not all of them, houses have been built by their owners, and homes established. The charter provision above quoted, which must be taken in the sense of a statute, made it obligatory upon Mr. Browne, in platting his land as an addition to the city of Dallas, to front the lots south of Haskell Place street of said addition on Munger avenue. Not having done so, the platting of his addition and filing a map thereof for record does not conform to the provisions and requirements of the city charter of the city of Dallas, and does 'not constitute a valid statutory dedication. That the acts of Mr. Browne in filing for record a map of Haskell Place addition and selling lots in said addition with reference thereto were sufficient to constitute a common-law dedication of the streets delineated and shown on said map as to persons who purchased with reference to the map, and that he, Browne, would be estopped as against such persons from asserting rights or doing acts inconsistent therewith, is not questioned. The authorities cited by appellant are not applicable to the facts of this case. All of them deal with an acceptance by user and the sale of property with reference to a map, and disclose that some right was asserted by the original proprietor or grantor inconsistent with his former acts and declarations of dedication, and it was held he was estopped from doing so. In the view we take of the case, it is unimportant whether the ordinance passed in 1903, providing the mode and manner of acceptance by the city of Dallas of plats of land into lots, streets, alleys, etc., was superseded and repealed by the city charter of 1907 or not. Browne in platting his land into lots, streets, etc., did not observe the provisions of the charter in that, as before stated, the lots of his addition were not made to front so as to conform to Munger avenue and the streets abutting thereon, and, not having done so, appellant is not entitled to the injunction prayed for.

[7] In purchasing his lots appellant acquired only the rights of his grantor, and is chargeable with notice that his grantor had not complied with the statutory regulations and requirements in platting his addition; and, having purchased under such illegal platting and attempted dedication, he acquired no such rights as against the city of Dallas, or persons owning property abutting on Munger avenue, as entitled him to the injunction denied by the trial court.

The judgment of the court below is affirmed.

### On Motion for Rehearing.

We see no good reason to depart from the views expressed in our original opinion in this case, and appellant's motion for a rehearing will therefore be overruled. In compliance with the request of appellant for additional conclusions of fact, we find:

1. That the city of Dallas on March 4, 1913, enacted an ordinance entitled an ordinance amending section 161 of the Building Code of the city of Dallas, section 2 of which reads as follows: "That whenever any lots are laid off by any plat, showing a frontage for said lots on any street or avenue in the residence section of the city, all buildings erected on same, shall have their frontage on said street or avenue so as to conform to the frontage of the lots shown on any such plat."

2. That the lots laid off by Clayton D. Browne, known as Haskell Place addition, are in the residence portion of the city of Dallas.

The motion for rehearing is overruled.