## CITY OF WACO v. FENTER.

### No. 2133.

Court of Civil Appeals of Texas. Waco.

Oct. 12, 1939.

Rehearing Denied Nov. 9, 1939.

Allan D. Sanford, City Atty., and Geo. W. Morrow and Mabel Grey Howell, Asst. City Attys., all of Waco, for appellant.

John B. Atkinson and C. S. Farmer, both of Waco, for appellee.

ALEXANDER, Justice.

This suit was brought by Ben Fenter against the city of Waco for damages for personal injuries. A trial before a jury resulted in a verdict and judgment for plaintiff. The defendant appealed.

Plaintiff received his injuries as a result of falling into a manhole in a sewer line in one of the alleys of the city. On the morning of April 7th, the city trash truck backed into the manhole and crushed the temporary or inadequate covering thereon. There is a dispute in the evidence as to whether the hole was re-covered at that time. The city employees testified that they re-covered it with an old piece of tin and weighted it down with rocks. Others testified that a short time later the hole was found uncovered. At that time the city employees thought the hole to be an old well. They caused the matter to be immediately reported to the head of the sanitary department. The head of that department caused the hole to be inspected and found it to be an open manhole in the sewer line, and on the morning of April 8th reported the matter to the city engineer who was in charge of streets and alleys. Plaintiff fell into the hole on the night of April 8th and was severely injured. He testified that the hole was uncovered at the time he fell into it.

The jury found that the alley in question was used by the public generally and had previously been recognized and used by the city as a passageway for vehicles and pedestrians; that the plaintiff, without any contributory negligence on his part, fell into the manhole and was injured; that the city had negligently failed to have said manhole equipped with a substantial cover prior to plaintiff's injury; that the city engineer, who was in charge of the streets, could have discovered that the cover on the manhole was inadequate in time to have remedied it prior to Fenter's injury, but that the city negligently failed to do so; that the manhole was open at the time plaintiff fell into it; that the city engineer had notice that it was open prior to the injury, and negligently failed to give warning of the danger incident thereto, and was negligent in failing to place obstructions around the hole so as to prevent people using said alley from falling into said hole, all of which negligence was the proximate cause of plaintiff's injuries.

It is the city's first contention that there was no evidence that the alley in which plaintiff received his injuries had ever been accepted or recognized by the city as a public way so as to require the city to keep it in repair. In order to render a municipality liable for negligence in failing to keep a street or alley in repair, the evidence must show that such street or alley has been dedicated by the owner and accepted by the municipality as a public way. It is not necessary, however, to prove an express dedication nor a formal acceptance thereof by the municipality. Long continued use by the public is sufficient to raise an implication of a dedication by the owner. Likewise, numerous circumstances may be taken into consideration in establishing an acceptance by the municipality. The fact that the alley is within a closely built-up section of the city, that it has been improved for use as a thoroughfare and has been in continuous use by the public for that purpose for a long period of time, that the city has exercised the right to use it for the laying of its sewer mains and for other public purposes, and the fact that it appears on an official map of the city as an alley are all circumstances to be taken into consideration in determining whether the city has accepted the street or alley in question as a public way so as to render it liable for negligence in failing to keep it in repair. As McQuillen says: "The material thing which must exist is the act of the municipality inducing the public to believe that the way is a public one." McQuillen's Municipal Corporations, 2d Ed., Vol. 7, sec. 2922. See also 43 C.J. 982-984; New York v. Sheffield, 4 Wall. 189, 18 L.Ed. 416; Gilder v. City of Brenham, 67 Tex. 345, 3 S.W. 309; City of Uvalde v. Stovall, Tex.Civ.App., 279 S.W. 889; Bellar v. City of Beaumont, Tex.Civ.App., 55 S.W. 410; City of La-Grange v. Brown, Tex.Civ.App., 161 S.W. 8. There was no direct testimony that the land included within the alley had ever been dedicated by the owner thereof to

public use nor was there any evidence of a formal acceptance thereof by the city. There was evidence, however, that the alley had been open and in general use by the public for both vehicles and pedestrians for over forty-five years. The alley was between 4th and 5th Streets in South Waco in a closely built-up section of the city. It opened on Speight Street, one of the busy thoroughfares, and ran in a southeasterly direction to approximately the center of the block and then ran southwest to 5th Street, another busy thoroughfare. The block in question was a long one and the alley provided a quick and more convenient approach from 5th Street to the rear of some of the buildings that faced on 4th Street. The center of the alley, for a width of ten or twelve feet, had been graveled and photographs introduced in evidence showed that it was in good repair for use as a thoroughfare and that it had been much used for that purpose by automobiles and other modes of travel. Numerous witnesses testified that it was continuously used by the public. Both automobiles and pedestrians had used it for many years. The city had laid its sewer line in the alley and its garbage truck used the alley regularly on its route in gathering garbage. A tax map that had been in use by the city for approximately thirty years showed the alley in question thereon. If the above evidence did not conclusively establish acceptance of the alley as a public way by the city, it was clearly sufficient to support the jury's finding to that effect.

Special issue No. 1 was as follows: "Do you find from a preponderance of the evidence, if any, that the city of Waco, recognized and used the property in question as a passageway for vehicles and pedestrians prior to and at the time of the accident, if any?" To which the jury answered: "Yes." Appellant contends that this issue submitted to the jury a mixed issue of law and fact and that it was multifarious and duplicitous. We do not think the issue was subject to this objection. Whether the city had recognized and used the alley as a public way was purely a question of fact and not one of law. We think it was permissible to group these facts for the purpose of showing an acceptance of the alley on the part of the city. 41 Tex.Jur. 1107; Speer on Special Issues, p. 128, sec. 94; Texas Electric Ry. Co. v. Jones, Tex.Civ.App., 262 S.W. 131; Pullman Co. v. McGowan, Tex.Civ.App., 210 S.W. 842; Greene v. City of San Antonio, Tex.Civ.App., 178 S.W. 6, 7. The facts referred to therein were submitted conjunctively and not disjunctively so as to place the burden on plaintiff of proving all of the facts referred to therein. Consequently, the defendant could have suffered no injury in this respect.

Appellant complains of the admission in evidence of its tax map on which the alley in question was delineated. The evidence showed that the map had been in use by the city in connection with the assessing and collecting of taxes for over twenty-five years. It showed that the city had taxed the owners of abutting property in accordance with the plat, leaving the alley in question untaxed. We think the map was admissible as a circumstance to show the dedication of the property to the public as an alley, and that the city, by exempting it from taxes, had recognized it as such. Standing alone, the map might not have been sufficient for this purpose, but, nevertheless, it was a circumstance to be considered by the jury along with other evidence in passing on the issue. Gilder v. City of Brenham, 67 Tex. 345, 3 S.W. 309. In 18 C.J. p. 86, sec. 87, it is said: "However, failure to assess for taxes in connection with other acts, such as laying gas and water mains, building sidewalks, or grading for streets, may constitute an acceptance of the dedication."

The city of Waco is a home-rule city and its city engineer is in charge of the streets and other public ways. Clyde Hayes, head of the sanitary department of the city, testified that he was notified on the morning of April 7th that there was an open hole in the alley in question; that he thereupon caused it to be investigated and found that it was an open hole in the sewer line in the alley; that he so reported the matter to the city engineer, who was in charge of the streets, on the morning of April 8th, prior to Fenter's injury on the night of April 8th. The city engineer caused the manhole to be properly covered on the morning of April 9th. This evidence was sufficient to support the jury's finding that the city engineer had notice of the hole in the sewer line prior to Fenter's injury, and that the city was negligent in failing to repair same or to give warning thereof.

The judgment of the trial court is affirmed.