**Wilburn Albert ROBERTS and Wife, Shirley Jean Roberts, Appellants,**

v.

**Johnny BAILEY, Appellee.**

**No. 09–87–124 CV.**

Court of Appeals of Texas, Beaumont.

March 31, 1988.

Robert B. Dunham, Beaumont, for appellants.

Bob Monk, Port Arthur, for appellee.

OPINION

BROOKSHIRE, Justice.

Appeal from the refusal to grant a permanent injunction. Appellants brought a suit for a permanent injunction against Appellee for obstructing the use of an alleged roadway known as "Reservoir Lane", located in Groves. The trial was to the Bench. The Bench refused to issue a permanent injunction.

Reservoir Lane is described as a 28–foot driveway running perpendicular to Wilson Avenue in Groves. Appellee owns property on both sides of Reservoir Lane and Appellee contends that Reservoir Lane does not run completely back to the alley running between the property owned by the Roberts, being on the other side of the alley from Johnny Bailey. Appellants contend the lane runs all the way to the alley located between the property of Bailey and Appellant, and that the lane was offered by deed to the City of Groves for the purpose of opening, constructing and maintaining a permanent street. A stipulation at the trial

was that Wilburn Albert Roberts and Shirley Jean Roberts have a current right to title and possession of Lot 30, Block 4, Lee Addition, located directly across the alley from the interior end of Reservoir Lane. Also stipulated was the fact that the property upon which Reservoir Lane is located was offered by deed from O.L. Sandifer and W.M. Rouse to Groves for use as a public street. The record shows:

"We further stipulate, Your Honor, that the people living adjacent to Reservoir Lane and visitors of theirs, and also a stranger who ran off the end of Reservoir Lane at one point in time and got stuck, as well as garbage collectors, have generally used Reservoir Lane from the time of its inception or construction until July 16, 1984. We further stipulate that The City of Groves has done some construction or maintenance on Reservoir Lane prior to or until July 16, 1984. We further stipulate that Johnny Bailey, the Defendant, has also done some maintenance on Reservoir Lane himself."

It was also stipulated that Bailey had obstructed the passage of the Appellants to and through the end of Reservoir Lane to their property. The property upon which Reservoir Lane is located *was offered* by a deed from O.L. Sandifer and Wilson M. Rouse to The City of Groves for use as a *public street.* This deed is in evidence.

At a regular meeting of the City Council of The City of Groves, on July 16, 1984, it was revealed that City Manager Kimler stated that the City Council *accepted only a drainage easement* under and upon Reservoir Lane on May 27, 1968. Kimler stated that he recommended that the city not accept Reservoir Lane as a street because city policy had been to accept only those streets that met city specifications. Reservoir Lane did not meet the city specifications.

A motion was *made not to accept Reservoir Lane* for maintenance. It was seconded. Councilman Simon said that he would vote against the motion because he had actually looked at the street and he felt that, at some time, the city had maintained it. Mayor Moore stated that he would vote

for the motion—which was against accepting Reservoir Lane for maintenance—because it had always been the city policy to accept only those streets that actually met city specifications, which required 6″ of compacted base material. He stated that Reservoir Lane did not meet the city specifications. The Council also heard arguments that this 28–foot strip was suitable only for one-way traffic. It was too narrow to be considered a street and that, actually, Mr. Sandifer, by his deed, created only an alley.

It is significant to note that, at the regular meeting of the City Council on July 16, 1984, City Manager Kimler dogmatically stated that he had reviewed all the information and that Reservoir Lane was accepted *solely as a drainage easement.* On May 27, 1968, Reservoir Lane had not and did not meet city street specifications. There was further evidence placed before the City Council that minimum requirements, concerning safe distances between houses and streets (particularly houses with doors facing the lane), had not been met. At that meeting, the Council voted to not accept Reservoir Lane as a street. It seems clear that The City of Groves never formally accepted any dedication of Reservoir Lane as a street. The Bench below had a right to so conclude. The only acceptance shown is strictly for the purpose of a drainage easement.

Under this unusual record, especially in view of the Findings of Fact and Conclusions of Law, we determine that Reservoir Lane was never accepted as a street. It is clear that the city has refused to perform any maintenance work on the road for several years.

Our case is meaningfully different and distinguishable from *Viscardi v. Pajestka,* 576 S.W.2d 16 (Tex.1978), upon which Appellant places some reliance. The adjoining property owners have not used so-called Reservoir Lane for anywhere near the duration of time that the adjoining property owners had used the alley for public use in *Viscardi, supra.*

The dissent cites *Gilder, Adm'x v. City of Brenham,* 67 Tex. 345, S.W. 309, 311

(1887). This case was decided by the Supreme Court of Texas in February, 1887. The court held that there was not an acceptance of the dedication by the City of Brenham, the court reciting and stressing the fact that the City Council passed a resolution authorizing the Mayor to relinquish any claim to the alleged Ant Street. The court further concluded that the City Council had the power to refuse the dedication of Ant Street where there had been no formal acceptance, stating that, to hold otherwise, would be to decide that private parties could enforce the acceptance of streets upon streets with all their attendant burdens and legal duties.

Under this record, under the trial court's Findings of Facts and Conclusions of Law, we do not reach, nor do we decide, the question of abandonment.

The trial court decided that Wilbur Roberts and wife, Shirley Roberts, had no right to the property known as Reservoir Lane. Certainly the granting of permanent injunctive relief is a matter within the equity jurisdiction of the trial court. This gave the Chancellor below the discretion to refuse to grant the permanent injunction.

The Bench made Findings of Fact that The City of Groves never accepted "Reservoir Lane" as a public street; that the City, additionally, had abandoned any easement for use as a public street at its July 16, 1984, Council meeting; that the end of "Reservoir Lane" and the property belonging to Wilburn Roberts and wife are divided so that "Reservoir Lane" does not reach the property belonging to Roberts and wife. The Bench concluded that the property known as "Reservoir Lane" belongs to Johnny Bailey, subject only to an easement for drainage and utility purposes and that Roberts and wife have no right, title or interest in and to the property known as "Reservoir Lane" as an easement or for any other purposes. The trial judge found that there was no *implied acceptance of the easement as a public street* by Groves.

Reviewing the entire record presented to us, we cannot conclude that these Findings of Fact and Conclusions of Law are to be deemed as being against the great weight and preponderance of the evidence as to be manifestly unjust, unfair and wrong.

Therefore, we affirm the judgment of the Bench trial below.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. I would sustain appellants' points of error. This court and the court below place great emphasis on the fact that Reservoir Lane was never *formally* accepted by the City of Groves. The majority also agrees with the trial court's finding that the city "has, in a practical sense, abandoned" Reservoir Lane as a street.

The courts of this state do not require that an acceptance by the public be express; an implied acceptance is sufficient. *Gilder v. City of Brenham,* 67 Tex. 345, 3 S.W. 309, 311 (1887); *Viscardi v. Pajestka,* 576 S.W.2d 16, 19 (Tex.1978). There is evidence that Reservoir Lane had existed for thirty to forty years prior to trial, that it had been a shell roadway and then a blacktop roadway, that the city had performed some maintenance on the road, had installed a street light, traffic sign, street sign and used it for garbage collection. If an intention to dedicate is otherwise shown, as was done here by the deed, the public *use* of the land is sufficient to constitute a completed dedication. *Viscardi,* 576 S.W. 2d at 19.

Furthermore, the trial court's findings on abandonment should not stand. An abandonment occurs when the use for which the property was dedicated becomes impossible of execution or the object of the use fails. *Griffith v. Allison,* 128 Tex. 86, 96 S.W.2d 74, 77 (Tex.Comm'n App.1936, opinion adopted). Neither is the case here. There is no evidence of any abandonment under the legal definition. In any event, appellee never pleaded abandonment and it must be pleaded as an affirmative defense or it is waived. *San Jacinto Sand Co. v. Southwestern Bell Tel. Co.,* 426 S.W.2d 338, 344 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.), *cert. denied,* 393 U.S. 1027, 89 S.Ct. 622, 21 L.Ed.2d 570 (1969).

The majority does not discuss finding of fact number seven which found that Reservoir Lane did not reach appellants' property. This is an immaterial finding and provides no basis for refusing to grant the injunction. I would hold that the trial court's findings are against the great weight and preponderance of the evidence and would reverse and remand. Since the majority fails to do so, I respectfully dissent.