Opinion delivered May 8, 1888.

---

No. 6191.

W. H. WOOLDRIDGE *v.* EASTLAND COUNTY.

1. PURCHASER—EASEMENT.—When land is actually appropriated under an order of the commissioners court, requiring a jury to lay out and mark a public road, a subsequent purchaser of the tract of land crossed by the road takes it subject to the easement thereby created and existing at the date of purchase. The public use for a less period of time than would give a right by prescription would not appropriate the way used beyond that character of road designated in the order establishing it. Thus, if the original order established a third class road, the commissioners court can not change its classification arbitrarily, without notice or further proceedings, to a second class road, and require the removal of gates, thereby imposing an additional burthen without compensation. Such action would be violative of the seventeenth section of the Bill of Rights.

APPEAL from Eastland. Tried below before the Hon. T. B. Wheeler.

*J. T. Hammons,* for appellant.

No brief on file for appellee.

WALKER, ASSOCIATE JUSTICE. It is shown by the record that in 1877 the commissioners court made an order appointing a jury "to lay out and mark a public road of the third class," between points named. It seems that the road was laid out, but no report can be found or subsequent action of the court establishing the road as so laid out. However, the road was used by the public, and such use was well known to plaintiff. In 1882 and 1883 plaintiff bought lands; one tract of three hundred and twenty acres and one of six hundred and forty acres adjoining, and between which the road ran. The road also occupied part of the six hundred and forty acre tract for the remaining distance.

In 1885 the commissioners court classed the road as a second class road, and ordered the opening of gates which had been erected at the entrances into the lands of plaintiff. None of the statutory proceedings were taken to ascertain the damages and to compensate plaintiff for the increased burden consequent upon the change.

The action of the county commissioners, for which alone the county would be liable, only contemplated a third class road. If it was actually appropriated under this order, then the plaintiff purchasing subsequent to such appropriation would take the land subject to the easement existing at his purchase. (Day v. Chambers, 62 Texas, 190.)

The subsequent public use for a less period of time than would give a right by prescription, would not appropriate the way used beyond that of a third class road. (Franklin Co. v. Brooks, 68 Texas, 680.)

The action of the commissioners court in 1885 in establishing the road as a second class road was a taking of the land of plaintiff and imposing additional burdens upon him without compensation.

The seventeenth section of our Bill of Rights provides that "no person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless with the consent of such person; and when taken

except for the use of the State, such compensation shall be first made or secured by a deposit of money." (Const., and 62 Texas, 602.) The plaintiff had a right to adequate compensation, at least for the increased burden imposed by the change from a third to a second class road. The denial of this below was error.

The record does not furnish the basis for an entry of judgment in this court, and the judgment is reversed and remanded.

*Reversed and remanded.*