J. L. Hall, as plaintiff, brought this suit against the Houston Texas Central Railroad Company, as defendant, for the recovery of damages sustained by him on account of alleged wrongful acts of the defendant. The plaintiff alleged in his petition that the defendant, while constructing a branch of its railroad, took possession of and constructed its line of railway for a distance of about 400 yards on, along and across a public highway, to wit, a first-class public road, leading from the town of Centerville, the county seat of Leon County, to the town of Groesbeck, the county seat of Limestone County; that in so doing the defendant acted without the consent of the authorities having control and jurisdiction of the road in question, and without first having the same condemned for its use, and that defendant thereby willfully obstructed said highway. It was also alleged that prior thereto the road in question was forty feet wide, free from stumps and all other obstructions and in good condition. It was also alleged that to provide means whereby persons, animals and vehicles could pass the obstructed part of the road, the defendant cut and cleared an opening through the woods, parallel with the roadbed of the railway located upon the original highway; that the defendant left stumps standing in said opening six inches and under in diameter, from six to twelve inches above the surface of the ground, and others over six inches in diameter from twelve to twenty inches above the surface of the ground, and failed and refused to round off those that were six inches and over in diameter; and that said highway and opening was in that condition on the second day of November, 1906, when the plaintiff was injured. He also alleged that the road in question was the nearest and most practicable route from his residence to Jewett, his market town, and that on the day last stated he was traveling from his home to Jewett in a wagon which had no bed or body on it; that he was sitting on the hounds attached to the hind wheels, with his feet resting on the brake of the wagon; that while passing around the obstructions referred to, and along the opening prepared by the defendant, one of the wheels of his wagon struck a stump less than six inches in diameter and about six or eight inches above the surface of the ground; that the jerk or jolt of said wagon caused by the wheel striking the stump threw or knocked the plaintiff's feet and legs over and across the wagon brake, and before he could draw them up his legs and feet were caught, mangled, crushed and mutilated between the wagon brake and a stump standing in the middle of the opening he was traveling and about sixteen or eighteen inches above the surface of the ground, and that his right leg was broken in two places. He also alleged that his injuries were the direct and proximate result of the defendant's *Page 93 
willful violation of the statutory laws of this State in obstructing a public highway, and in failing to restore it to its former state, or such state as not to unnecessarily impair its usefulness. The petition contained other averments not necessary to be stated here, and concluded with a prayer for judgment for his damages in the sum of $6,050, and for general relief.
After hearing all the testimony submitted the trial court instructed a verdict for the defendant, and the plaintiff has appealed and assigned that action of the court as error. We sustain the assignment and hold that the case should have been submitted to the jury. Testimony was submitted tending to sustain all of the allegations in plaintiff's petition to which reference has been made, except the allegations that the change was made without authority, and that the defendant had not resorted to condemnation proceedings. No direct evidence was offered in support of the latter averment, but we are of the opinion that it was not necessary for the plaintiff to make such proof, because if such course had been resorted to it would, nevertheless, have been defendant's duty, under article 4426 of the Revised Statutes, to restore the road in question to its former state, or to such state as not to unnecessarily impair its usefulness. The testimony indicates with reasonable certainty that no attempt was made by the defendant to comply with the statute referred to. On the contrary, the record indicates that it has included that part of the road within its right-of-way fence, thereby excluding the public from even attempting to use it.
There is testimony in the record tending to show that the defendant, as a consideration for being permitted to appropriate to its exclusive use that portion of the public road referred to, agreed and undertook to open up and make the necessary change in the old road. The testimony shows, without dispute, that the defendant undertook to, and did, clear out and open up the new road. There is no direct proof that this was done by order of the Commissioners' Court of the county, or that the court ever made any order in reference thereto. It was shown that for a year or more prior to the accident the road overseer appointed by the Commissioners' Court had worked the road as changed. It was also shown that the change in question was agreed to by two members of the Commissioners' Court, one of whom represented the precinct in which the change was made and was supervisor of the public roads in that precinct.
Whether the change in question was made in the manner required by law does not seem to be material in this case. It may be conceded, as contended by the defendant, that it was so made, and that ever since then the county has exercised jurisdiction over it and rested under the obligation to keep it in proper condition. Nevertheless, if the defendant agreed and undertook, as the testimony tends to show, to open up and deliver to the county the new road that was made, substantially the same as that part of the road which it obstructed and appropriated to its exclusive use, and its failure to do so caused the injuries of which the plaintiff complains, we believe he is entitled to recover, unless his right to do so is cut off by his own contributory negligence.
As to all public roads the statute requires that all stumps six inches and over in diameter shall be cut down to within six inches of the surface of the ground and rounded off, and that all that are less than six *Page 94 
inches in diameter shall be cut smooth with the ground. The testimony tends to show that the portion of the road which the defendant appropriated and obstructed was in that condition, and that the new road which it undertook to cut out and furnish to the county for the use of the public was not placed in that condition by the defendant. On the contrary, the proof tends to sustain the averments in plaintiff's petition, to the effect that stumps were left standing that were less than six inches in diameter, and that others of larger size were not cut down and rounded off, as required by the statute, and that he was injured on account of two of said stumps in the manner alleged in his petition. If, in consideration of the privilege which seems to have been accorded to the defendant, the latter undertook to open up and make the change in the road, it rested under the duty of furnishing such a road as is required by statute; and it can not, in our opinion, escape liability for its failure to do so by proving that the county authorities approved the change and accepted the new road in the condition that the defendant tendered it.
We do not regard this as falling within that class of cases in which it is held that an independent contractor can not be held responsible to a third party for a breach of his contract. While the writer, speaking for himself only, does not believe that the agreement for the change was binding upon the county, still, if it be conceded that it was, it should be borne in mind that in all such matters counties do not act for their own pecuniary benefit, in the sense that a natural person or private corporation acts in making contracts. On the contrary, in such matters, the county acts for the public, and, in a sense, as a trustee whose powers and duties are prescribed by the instrument creating the trust. If a trustee conspires with a third party or exceeds his authority, the beneficiary in the trust is not without remedy against such third party where the transaction has resulted in a benefit to the latter and injury to the former. So in this case we do not believe that the defendant should be regarded entirely as an independent contractor. If it acted under an agreement by which it was permitted to withdraw from the use of the public a portion of the public highway, in consideration of the fact that it furnish for the use of the public its equivalent, any member of the public who has been injured by a breach of that contract ought to have his redress against the defendant. If such was the agreement, it was the defendant's duty to construct the new road in conformity with the statute, and no county authority could release it from that obligation.
In Gulf, C. S. F. Ry. Co. v. Montgomery, 85 Tex. 64, our Supreme Court has recognized the principle that while a railroad company may be under no obligation to furnish a crossing at a particular place on its road, yet if it undertakes to do so, and thereby invites the public to use the crossing, it must exercise reasonable care in order to prevent injury to those who may attempt to use it; and it would seem that the same principle is applicable to this case. The mere opening of the new road constituted an invitation to the public to use it, and there was testimony tending to show that an obligation rested upon the defendant to open it. In the latter respect this is a stronger case in favor of the plaintiff than the case just cited. It is no defense to say that the arrangement for the change in the road was not made with the defendant, but was agreed to *Page 95 
between a committee of citizens and the two county commissioners. It was made for the benefit of the defendant, and it can not accept the benefits accruing to it and repudiate the remainder of the agreement. Besides, there was testimony tending to show that an authorized representative of the defendant assented to the agreement. Nor have we overlooked the fact that the plaintiff alleged in his petition that the proximate cause of his injury was the wrongful conduct of the defendant in obstructing the original road, and in not restoring it to its former state, or such state as not to unreasonably impair its usefulness. If it be conceded that the plaintiff was in error and mistaken in that averment, and that the proximate cause of his injury was the failure to cut down and round off the stumps in the new road, we do not think the averment referred to cuts him off from his right to recover. That averment is more in the nature of a legal conclusion than of an allegation of fact. Outside of that averment the petition states a cause of action, and enough evidence was introduced tending to support that cause of action to entitle the plaintiff to have his case submitted to the jury.
For the error pointed out the judgment is reversed and the cause remanded.
Reversed and remanded.