### DUNLAP et al. v. HARDIN et al.
### (No. 9359.)

(Court of Civil Appeals of Texas. Ft. Worth. June 19, 1920.)

**1. Highways ⬌22—Commissioners' court cannot transcend powers given concerning establishing roads.**

While the commissioners' court is vested by law with a wide discretion in the matter of opening and establishing public roads, it cannot transcend the powers given it over that subject by law.

**2. Highways ⬌20—Not to be laid out for benefit of private parties.**

Rev. St. 1911, arts. 6860, 6861, 6875, 6884, 6885, contemplate that roads shall be laid out and across the lands of citizens in answer to a public necessity therefor, and not for the benefit of private parties.

**3. Highways ⬌41(4) — Commissioners' court had no power to change road after approval of report of jury of view.**

When the commissioners' court approved a report of the jury of view in a proceeding to establish a road under Rev. St. 1911, arts. 6860, 6861, 6875, 6884, 6885, and adjourned for the term, their power to make a change in the road from that laid out by the jury of view ended, except as the power might again be invoked by proceedings in accordance with article 6875 and for the purposes specified in article 6861.

**4. Highways ⬌41(4)—Entry in records of commissioners' court held not to hold open approval of report on establishment of road.**

An entry in the records of the commissioners' court, "passed pending settlement under contract on file," held not to hold open the court's approval of a report of the jury of view in a proceeding to establish a highway beyond a subsequent unqualified order of approval.

Appeal from District Court, Stonewall County; W. R. Chapman, Judge.

Action by J. M. Dunlap and others against T. B. Hardin and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded, with instructions.

Stinson, Chambers & Brooks, of Abilene, for appellants.

H. G. McConnell, of Haskell, and Ernest Herring and H. F. Grindstaff, both of Aspermont, for appellees.

CONNER, C. J. This action was brought by J. M. Dunlap and 17 other citizens of Stonewall county against T. B. Hardin, county judge of Stonewall county, the several members of the commissioners' court, and Mrs. Sophia Caldwell and her husband, N. K. Caldwell, seeking a mandatory injunction requiring the said county judge, commissioners' court, and the Caldwells to remove alleged obstructions from a public road which the plaintiffs alleged had been legally established. It was further alleged that the road referred to and described in the petition had been established in accordance with a petition therefor duly presented to the commissioners' court by the proper number of qualified citizens of Stonewall county; that said petition had been granted and a qualified jury of view appointed, which, after due examination, made a report of their action, and that said report had been duly approved and the road established. It was further alleged that all of the necessary steps, as provided in the statutes, leading up to the approval of the report of the jury of view and order establishing the road, had been taken in strict accordance with the laws relating to that subject.

The defendants, answering the petition, admitted the allegations of the same and the adoption of the orders of the commissioners'

---

court as set out in the petition, except that it was alleged in effect that after the report of the jury of view had been received and before its approval the commissioners' court, pursuant to the terms of an agreement between the commissioners' court and said Sophia Caldwell and her husband, N. K. Caldwell, changed the field notes and route of the road, as viewed by the jury, so as to run along the north and west sides of the lands owned by the Caldwells instead of traversing said lands diagonally.

The trial court heard the pleadings of the parties and oral evidence was submitted and considered, after which the court denied the application for the injunction, and the plaintiffs have duly appealed.

There seems to be but little, if any, dispute in the facts. It appears without dispute that in due order and form the requisite number of qualified freeholders in Stonewall county presented their petition to the commissioners' court of that county for a public road of the second class, beginning at a point on the Stonewall and Kent counties lines; thence in a northeasterly direction, "crossing Mrs. Sophia Caldwell's ranch," and on to a designated point. Notice of the petition was duly made, as provided by law, and the commissioners' court on the 13th day of March, 1916, appointed a jury of view to lay out the road. Thereafter on April 10, 1916, the jury made a report of their action, giving the field notes of the road as laid out by them, which shows that it traversed the lands of the Caldwells. On the 12th day of May, 1916, the following order was made by the commissioners' court:

"It is ordered by the court that the foregoing report of the jury in the matter of the above-described road be and the same is hereby approved, and said road established as a second class road as therein described.

"The foregoing minutes, from page 284 to page 285 hereof, were read, approved, and signed in open court, and there being no further business before the court it then adjourned until the next regular term.

"This 12th day of May, A. D. 1916. R. S. Tillotson, County Judge, Presiding."

Thus far the proceedings seem to have been regular and not subject to any objection, and the road as thus viewed out and established is the road which the plaintiffs in this proceeding seek to enjoin the Caldwells from obstructing.

The defendant, however, offered in evidence and relied upon the following proceedings:

(1) An entry made upon the docket of the commissioners' court on May 9, 1916, identifying the application for the road and the report of the jury of view, already mentioned, and reading:

"Passed pending settlement under contract on file. May 9, 1916."

(2) The following order of the commissioners' court:

"July 11, 1916.

"The State of Texas, County of Stonewall: In the Commissioners' Court, Stonewall County, Texas, July Term, 1916. On this day came on for consideration the matter of the final approval and adoption of the report of the jury of view upon a petition for a public road of the second class 40 feet in width, signed by J. Renfroe et als., said report being recorded at page 284, volume 2, of the road minutes of this court, and in accordance with an agreement with this court and Mrs. Sophia L. Caldwell, and her husband, N. K. Caldwell, which said agreement was filed in this court on the 9th day of May, 1916, said road has been adopted and ordered established as a road of the second class 40 feet in width, with the following change in the field notes as recorded as above referred to, to wit: Beginning at a point where the road is located and recorded as above mentioned, on the east line of section No. 394, block 'D,' of the H. & T. C. Ry. Co. lands in said county; thence a little east of southwest to a point on the south line of said section No. 394, said point being 1,590 varas east of the southwest corner thereof; thence west along the north lines of sections Nos. 393 and 400 to the northwest corner of said section No. 400; thence south along the west line of said section No. 400 to the southwest corner thereof; thence west along the north line of section No. 428 to the west line of Stonewall county, Tex.

"It is therefore ordered, adjudged, and decreed that the original report of the jury of view, as recorded at page 284 of volume 2 of the road minutes of this court, be and the same are adopted with the changes therein as herein set forth, and in accordance with the contract referred to, and that the said agreement made by the said Sophia L. Caldwell and her husband, N. K. Caldwell, as to the payment of $235 as a donation for the road fund of this county, has been carried out and said sum be and is hereby accepted as agreed upon; said road shall be known as the Salt Lake & Jayton road."

The change in the field notes indicated in the above order leads the road in question along the north and west sides of the Caldwell lands instead of through their lands as originally surveyed by the jury of view.

The plaintiff offered a number of witnesses whose testimony was to the effect that the road as laid out by the jury of view was along and over high and comparatively level lands, while that as described in the order of July 11, 1916, along the north and west sides of the Caldwell ranch, was longer, very rough and hilly, and traversed by gulches or small canyons that could scarcely be negotiated with teams and wagons of ordinary loaded capacity. The record further shows that the road as described in the order of the commissioners' court of July 11, 1916, has been since that time traveled as a public road; that overseers have been appointed

DUNLAP v. HARDIN
(223 S.W.)

to work it, etc.; and that no action other than has already been stated has been taken by the public or commissioners' court which relates to the road as surveyed through the Caldwell ranch and as originally located by the jury of view, except that members of the public have frequently traveled it until its obstruction by the fences of the Caldwells, which the plaintiffs sought in this action to have removed. We quote the following articles of the Revised Statutes relating to the subject:

"Art. 6860. The commissioners' courts of the several counties shall have full powers and it shall be their duty to order the laying out and opening of public roads when necessary, and to discontinue or alter any road whenever it shall be deemed expedient as hereinafter prescribed.

"Art. 6861. No public roads shall be altered or changed, except for the purpose of shortening the distance from the point of beginning to the point of destination, unless the court upon a full investigation of the proposed change finds that the public interest will be better served by making the change; that said change shall be by unanimous consent of all the commissioners elected."

"Art. 6875. The commissioners' court shall in no instance grant an order on an application for any new road, or to discontinue an original one, unless the persons making application therefor, or some one of them, shall have given at least twenty days' notice by written advertisement of their intended application, posted up at the courthouse door of the county and at two other public places in the vicinity of the route of the proposed new road, or the road proposed to be discontinued."

"Art. 6885. The commissioners' court may alter or change the course of any public road, in accordance with article 6861 of this chapter, after notice and upon application in the same manner as provided in this chapter for the discontinuance of a road, except that the application need not be signed by more than one freeholder of the precinct in which such alteration or change is proposed to be made."

The title and chapter from which the above-quoted articles are taken further provides that new roads may be established by the commissioners' court upon the application of a specified number of freeholders of the county, and that when granted upon such petition it shall be the duty of the commissioners' court to appoint a jury of view whose duty it is to survey and lay out the proposed road "to the greatest advantage to the public," and to make report of their action to the commissioners' court, whereupon, "if no objection be filed" upon the report of the jury, the court "shall proceed to establish and classify such road and order the opening out of the same, and shall appoint an overseer and apportion hands for the same, as in other cases." See article 6884.

[1] While the commissioners' court undoubtedly is vested by law with a wide discretion in the matter of opening and establishing public roads, it cannot transcend the powers given it over that subject by law. Duer v. Police Court of Austin County, 34 Tex. 283; Haverbekken v. Hale, 204 S. W. 1162.

[2] The statutes evidently contemplate that roads shall be laid out and across the lands of citizens in answer to a public necessity therefor, and not for the benefit of private parties. Moseley v. Bradford, 190 S. W. 824; 37 Cyc. p. 45, § 11; Haverbekken v. Hale, supra.

[3] In our judgment, when the court approved the report of the jury of view on the 12th day of May, 1916, and adjourned for the term, their power to make a change in the road from that laid out by the jury of view ended, except as the power might again be invoked by proceedings in accordance with article 6875, above quoted, and for the purposes specified in article 6861. 37 Cyc. pp. 110–115.

The record fails to show that the report of the jury of view, as approved May 12, 1916, was objected to by the Caldwells, or by any other person; on the contrary, that report shows that the owners of the lands traversed by the line as located by the jury had been duly notified, as provided in the statutes, and had been given damages as specified in the report, and further recited that Mrs. S. L. Caldwell had relinquished "the right of way for said road."

[4] Appellees rely upon the docket entry of the commissioners' court above quoted as an objection to the report of the jury of view and as evidence in support of their contention that the report was not in fact approved, as recited in the order of May 12, 1916, but continued until the July term of the commissioners' court, 1916. But the entry, "Passed pending settlement under contract on file," was made on May 9, 1916, and served the purpose merely of passing the matter of the court's approval of the report until May 12, when the final order was made. In the absence of something more definite than is shown in the record, we do not feel authorized to infer that this docket entry was intended to pass the matter of approval beyond the term of court at which it was entered; particularly in view of the fact that within three days thereafter it was followed by an unqualified order of the commissioners' court approving the report of the jury of view. The docket entry merely indicates, we think, such temporary passing, and further indicates that the Caldwells had presented some proposition to the commissioners' court. The statement of facts shows that the change in the field notes made by the commissioners' court in their

order of July 11, 1916, was made pursuant to a contract with the Caldwells to donate the right of way along the north and west lines of their lands and give the commissioners' court $100 per mile, and not under circumstances as prescribed in article 6885, supra. The change in the line of the road was a very material one and cannot be said, in the light of the evidence before us, to have been in the public interest; for thereby the burdens of travel for all time, or until lawfully changed, were made to rest more heavily upon the public. Under the law, we do not think the commissioners' court was authorized to do so without notice and for a money consideration and the benefit of private individuals. 13 R. C. L. p. 61, § 54.

There is a contention on the part of appellees that the change in the field notes was made by the jury of view prior to the approval of their report. This contention rests upon a parenthetical insertion found in the report. The report of the jury of view, after setting out the field notes of the road as insisted by appellants, contains the following:

"We have picked the most practical route, considering the rough country over which we had to select road." (See page No. 130, vol. 4, Minutes Commissioners' Court, for corrected field notes to this road.)

There is nothing to show how, or when, or by whom this parenthetical statement was inserted in the report, nor is the page of volume 4 of the Minutes of the Commissioners' Court found in the statement of facts. We cannot say that this entry sufficiently evidences the asserted fact that the jury of view, again viewed the route along the north and west sides of the Caldwell lands and returned field notes necessitated by the change, and intended to embody such changed field notes and present them for final approval of the court. Nothing in the record indicates to our minds that the jury of view ever intended to present to the court as its conclusion that the road should extend along the north and west lines of the Caldwell lands and thence on in the direction of the terminal point.

We conclude that the trial court erred and that the judgment below should be reversed and the cause remanded, with instructions to the trial court to issue the temporary writ of injunction as prayed for, for-bidding any further obstruction of the road as surveyed by the jury of view, and, should the facts on final hearing be found to be as herein shown, that said writ be made final and the commissioners' court of Stonewall county directed to make the necessary orders opening the road in question as prayed for by appellants.

Reversed and remanded, with instructions.