

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 29, 1957

Honorable Harold Green
County Attorney
Lynn County
Tahoka, Texas

Opinion No. WW-105

Re: Opinion as to authority of the
Commissioners Court to open a
first class county road seventeen
years after petition and order ac-
quiring such road had been entered.

Dear Mr. Green:

Your request for our opinion stated the following facts and asked the following question:

"In November, 1939, a petition was filed with the court for the opening of a first class road under the provisions of Article 6705, R.C.S. Thereafter, on February 12, 1940, the Commissioners Court duly entered an order declaring that said road be opened and awarded damages in accordance with the report of the jury of view.

"The road as ordered open ran in an eastward direction for one mile and then in a north-south direction for three miles. The east-west portion of one mile was duly opened as was two miles of the north-south portion, and this portion of the roadway, has been used and maintained since the opening thereof. The last one mile of the road as petitioned for was never opened and the fence that ran across the same is still there.

"Approximately ten years ago an electrical distribution line was erected running north and south in what would have been the roadway had this last mile of road been opened. This distribution line is still in place and in use.

> "The Commissioners Court would now like to open the last mile of said road, but do not want to condemn the utility company nor the property owners along this one mile stretch.

> "QUESTION: Can the Court proceed under the original petition and order entered in 1940 and open this one mile of roadway or has the Court lost its right therein, either by abandonment, estoppel, or otherwise, and if so, must condemnation proceedings be instituted?"

The easement for a public road belongs to the State and its people, and once an award has been ordered by the Commissioners Court to the owners of a tract or tracts of land over which the road is to pass, any subsequent purchaser takes subject to the easement thereby created. Wooldridge v. Eastland County, 70 Tex. 680, 8 S.W. 503.

When the Commissioners Court has entered an order opening a road and has made an award, the order so entered is a final judgment and is not subject to a collateral attack. Luck v. Welch, 243 S.W.2d 589 (Civ.App., n.r.e.).

This becomes, then, a right vested in the people of the State to use the route, so laid out by the jury of view, for road purposes, and we are of the opinion that a seventeen year delay in putting the land to the use for which it was acquired cannot deprive the people of their rights in the easement.

Rights acquired by the public in a road easement are not lost by failure of the public to travel the full width of the road. Nonken v. Bexar County, 221 S.W.2d 370 (Civ.App., n.r.e.); and it has also been held that the public did not lose its right in a part of a dedicated street because such part was not opened up or used for 13 years. City of Dallas v. Gibbs, 65 S.W. 81 (Civ.App. writ ref.).

Non-use of a road closed by a fence for twenty years is an abandonment at law (Art. 6703a,V.C.S.); but it would seem that this has no application to an easement over which no road has ever existed. The public cannot abandon its inchoate right to a road in the same way it could abandon a road by non-use. It is our opinion that there has been no abandonment unless

there are other circumstances also present, besides non-use, which would prove intent to abandon this easement right. Perry v. City of Gainesville, 267 S.W.2d 270 (Civ.App., n.r.e.).

## SUMMARY

Rights of the public to a road easement acquired by an order of the Commissioners Court have not been lost by seventeen years of non-use. Subsequent purchasers of tracts crossed by such easement took title subject to the rights of the public in such easement. These rights may now be exercised by opening up the road.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Robert O. Smith
Robert O. Smith
Assistant

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

J. C. Davis, Jr.

William E. Allen

John Ross Lennan

REVIEWED FOR THE ATTORNEY
GENERAL BY:

Geo. P. Blackburn