COUNTY OF HAYS, et al., Appellants,

v.

Joe W. ALEXANDER, et ux., Appellees.

No. 13435.

Court of Appeals of Texas,
Austin.

Sept. 22, 1982.

Barry Bishop, David C. Duggins, Clark, Thomas, Winters & Shapiro, Austin, for appellants.

Richard L. Crozier, Randell W. Livingston, Jr., Hearne, Knolle, Lewallen, Livingston & Holcomb, Austin, for appellees.

Before PHILLIPS, C.J., and SHANNON and POWERS, JJ.

POWERS, Justice.

Bell Springs Road runs through a 264.70 acre tract of land, in Hays County, Texas, acquired in 1959 by appellees, Joe W. Alexander and his wife, Phillis. The Commissioners Court of Hays County had, on July 11, 1908, as reflected on their minutes, established the road as a "third class" county road, acting under a statute now codified as Tex.Rev.Civ.Stat.Ann. art. 6704.[1]  Never-

1. Article 6704 is part of a statutory scheme which empowers the Commissioners Courts of the several counties of the State to establish, discontinue, and change the system of county roads within their county. (The system of State highways is governed by the provisions of Tex.Rev.Civ.Stat.Ann. arts. 6663 et seq.) The statutory scheme pertinent to this appeal provides in part as follows:

Article 6702. "Public Roads"

All public roads and highways not discontinued that have been heretofore laid out and established agreeably to law are hereby declared to be public roads.

Article 6703. Commissioners courts: powers

The commissioners court shall order the laying out and opening of public roads when necessary, and discontinue or alter any road whenever it shall be deemed expedient. No public roads shall be altered or changed except to shorten the distance from end to end, unless the court upon a full investigation of the proposed change finds that the public interest will be better served by making the change; and said change shall be by unanimous consent of all the commissioners elected. . . .

Article 6704. Class of roads;  . . .

The Commissioners Court shall classify all public roads in their counties as follows:

1. First class roads shall be clear of all obstructions, and not less than forty (40) feet nor more than one hundred (100) feet wide; all stumps over six (6) inches in diameter shall be cut down to six (6) inches of the surface and rounded off, and all stumps six (6) inches in diameter and under, cut smooth with the ground, and all causeways made at least sixteen (16) feet wide. No first or second class road shall be reduced to a lower class.

2. Second class roads shall conform to the requirements of first class roads except that they shall not be less than forty (40) feet wide.

3. Third class roads shall not be less than twenty (20) feet wide and the causeway not less than twelve (12) feet wide; otherwise they shall conform to the requirements of first class roads.

Article 6705. Petition

The commissioners court shall in no instance grant an order on an application . . . to alter or change the course of a public road, unless the applicants have given at least twenty days notice by written advertisement of their intended application.

Article 6705. Petition

The commissioners court shall in no instance grant an order on an application for any new road, or to discontinue an original one, or to alter or change the course of a public road, unless the applicants have given at least twenty days notice by written advertisement of their intended application, posted up at the court house door of the county and at two other public places in the vicinity of the route of such road. All such applications shall be by petition to the commissioners court, signed by at least eight freeholders in the precinct in which such road is desired to be made or discontinued, specifying in such petition the beginning and termination of such road, provided an application to alter or change a road need not be signed by more than one freeholder of the precinct.

Article 6706. Preliminary survey

All roads ordered to be made shall be laid out by a jury of freeholders in the county, to be appointed by the commissioners court. Said jury shall consist of five persons, a majority of whom may proceed, without the county surveyor, as ordered by the commissioners court, to lay out, survey and describe such road to the greatest advantage to the public, and so that the same can be traced with certainty. They shall make written report of their proceedings to the next term of court, and the field notes of such survey or description of the road shall be included therein, and, if adopted, shall be recorded in the minutes of said court.

Article 6709. Notice to owner

Said jury shall issue a written notice of the time when they will proceed to lay out such road, or when they will assess the damages incidental to the opening of the same. Such notice shall be served upon each land owner, his agent or attorney, through whose land said road may run, at least five days before the day named therein. . . .

Article 6710. Damages to land

Any such owner may, at the time stated in such notice, or previously thereto, but not in any event thereafter, present to the jury a written statement of the damages claimed by him, incidental to the opening of such road, and thereupon the jury shall proceed to assess the damages, returning their assessment and the claimant's statement with their report. If the commissioners court approves the report and orders such road to be opened, they shall consider the assessment and damages by the jury and the claimant's statement thereof, and allow to such owner just damages and adequate compensation for the land taken. . . .  Said owner may appeal from

theless, in 1979 appellees filed suit in district court against the appellants, who are the County of Hays, the county judge, and the present members of the Commissioners Court, seeking a declaratory judgment that the road is a private road; in the alternative that it is a county road of the third class, across which appellees are authorized by Tex.Rev.Civ.Stat.Ann. art. 6712 to erect a gate; and in the further alternative, for money damages, in a claim for inverse condemnation, if the road is of another class. Appellants appeared and answered with a general denial.

Over a year after the suit was filed, the Commissioners Court of the county, in a

regularly called meeting on July 14, 1980, unanimously passed a resolution declaring the road to be "a first class road." Appellees' attorney attended the meeting and objected to the proposed resolution, stating that a suit had been filed to prove the road was a private road, that it did "not meet the criteria of a first or second class road, not even a third class road," under Tex.Rev. Civ.Stat.Ann. art. 6704, and that the proposed action of the Commissioners Court "takes away" his clients' rights.

Shortly after the passage of the 1980 resolution, duly recorded in the court's minutes, appellants amended their original an-

such assessment as in cases of appeal from judgment of justice courts, but such appeal shall not prevent the road from being opened, but shall be only to fix the amount of damages.

Article 6712. Gates

The owners of land across which a third class ... road may run, when the right of way therefor has been acquired without cost to the county, may erect gates across said road when necessary, said gates to be not less than ten feet wide and free of obstructions at the top.

The 1908 order of the Commissioners Court, classifying the road as one of the third class, was evidently discovered after suit was filed. There was introduced in evidence a copy of the relevant minutes of the Commissioners Court and the appellate record contains a reading of parts of it. The exhibit itself was not brought before us as part of the appellate record. After the trial judge composed the charge, appellees objected to it on the following basis, among others:

Such special issue [the only one submitted] assumes that Bell Springs Road as it crosses the plaintiffs' property is a public road, when the evidence is to the contrary in that with respect to County Exhibit No. 2, being the minutes of the Commissioner's Court of July 11, 1908, there is no evidence in the record, whatsoever, that the required notice in connection with such dedication was ever given at that time and the record, as a whole, is absolute devoid of any such notice, and in the absence of such notice being jurisdictional, any order pursuant to those minutes would be void as a matter of law.

We need not decide whether it was appellants' burden to demonstrate that the 1908 proceedings by the Commissioners Court were founded upon duly-acquired personal jurisdiction of the owner of the land now held by appellees. Appellees did not pursue their contention of error in this respect. In their brief to this court they

urge the controlling effect of the 1908 action of the Commissioners Court and do not challenge the validity of that action saying:

The Commissioners Court of Hays County, pursuant to the recommendation of a jury of view, had declared that portion of Bell Springs Road crossing appellees' property to be a third class road on July 11, 1908. (D. Ex. 2). At trial, there was some issue raised as to the validity of the 1908 action by the commissioners, but that issue was not submitted to the jury and is not involved in this appeal. (D.'s Ex. 1).

That portion of the minutes of the Commissioners Court which is before us recites that specified individuals were appointed to the jury of view and that they "filed and recommended to the Commissioners Court that said road be established as a *third class road as follows,*" followed by what appears to be the course of the road's centerline, given by calls to succeeding points. Being designated a road of the third class, its width is presumed to be twenty feet, or ten feet on either side of the centerline. *Scaling v. Denny,* 58 Tex.Civ.App. 279, 125 S.W. 351 (Ct.Civ.App. 1910, no writ). The minutes conclude as follows:

It is ordered, decreed and adjudged by the court that the report of the jury be accepted and the road established. Court adjourned until tomorrow morning at nine o'clock a.m., San Marcos, July 11, 1908.

Appellants' brief concedes that the right of way was acquired by the county without cost, an important condition precedent to an adjoining owner's right to erect a fence across a third class road. Tex.Rev.Civ.Stat.Ann. art. 6712. They challenge on appeal, however, the sufficiency of the evidence with respect to the necessity of any gate appellees may wish to erect under the statute. We agree with appellees that any controversy in that respect is contingent and must wait appellees' action in attempting to erect a gate, should they choose to do so while the road remains a third class road.

swer, averring in addition to a general denial a special plea that the road was a public road and, by counter claim, sought a permanent injunction restraining appellants from interfering with the public's use of the road, presumably by appellees' erecting a gate across the road.

Appellees responded by amending their original petition to include an averment that the resolution of July 17, 1980 constituted an attempt to change the classification of the road from one of the third class to one of the first class; that the attempt was an admission by appellants that the road was, in truth, a third-class road (across which gates may be constructed under Tex. Rev.Civ.Stat.Ann. art. 6712); and the resolution should be declared void because the Commissioners Court did not comply with the procedures set out in Tex.Rev.Civ.Stat. arts. 6705 through 6710. In their prayer for relief, appellees requested a declaratory judgment that the road was a private road, together with an injunction restraining appellants from interfering with appellees' use of the road and their erection of gates; or a declaratory judgment that the road was a county road of the third class, together with a similar injunction; or, a declaratory judgment that the resolution of July 14, 1980 was void. Appellees also prayed for "such other relief" as they may be entitled to receive in law or equity. Appellants omitted their previously pleaded cause of action in inverse condemnation.

At trial, appellees attempted to prove as a *fact* that the road did not have the physical characteristics of a first-class county road, as these are described in Tex.Rev.Civ. Stat.Ann. art. 6704, that is, the road was not clear of all obstructions and 40 to 100 feet wide, trees were not reduced to the required height, and any causeways were not at least sixteen feet wide. In a single issue the jury found that the road complied "with all of the following requirements, to wit: not less than 40 feet in width, free of all obstructions, and that all causeways thereon are at least 16 feet wide." Appellees moved on several grounds for judgment in their favor notwithstanding the verdict, which the trial court granted.

In its judgment, the trial court granted the following relief: (1) the "action and order" of the Commissioners Court, of July 14, 1980, declaring the road to be a first-class county road, was "vacated, set aside, and held for naught . . ."; (2) the road was declared to be a "third class public road as defined by Article 6704(3), V.A.C.S. . . ."; and (3) appellants, "and their successors in office, are hereby permanently enjoined from interfering with (appellees), their heirs and assigns, in their use and enjoyment of such third class road and the rights and privileges accorded them under the laws of this State." This appeal ensued.

Before turning to appellants' points of error, we will set out the nature of the power exercised by a Commissioners Court in its administration of county roads and the applicable statutes.

Article 16, § 24 of the Constitution of Texas directs that "[t]he Legislature shall make provision for laying out and working public roads . . . ." Article 11, § 1 of the Constitution makes the several counties of the State legal subdivisions thereof. The first Legislature to convene after the adoption of the present State Constitution enacted a statutory scheme for the establishment and maintenance of public roads solely through the actions and administration of the Commissioners Courts of the several counties of the State. 1876 Tex. Gen.Laws, ch. 64, at 63. It was not until 1917 that a State highway agency was created to cure the inadequacies which resulted from local administration of the public roads. 1917 Tex.Gen.Laws, ch. 190, at 425. That statute called for the establishment of a system of State highways, administered by the State Highway Commission, and provided for the State to bear a portion of the cost when county commissioners established roads within their county as component parts of the State highway system. *Id.,* at 420. The original statutory scheme survived, however, with respect to the establishment and maintenance of "county roads," that is, roads within a county which were *not* part of the State highway system.

Tex.Rev.Civ.Stat. arts. 6673, 6702–6716 (1925).

■ Though the counties bear the cost of acquiring the land necessary for the establishment of county roads within their respective counties, and the expense of maintaining and supervising them, and may hold title to the real property necessary for such roads, the system of county roads belongs to the State since they are for the benefit of the State and its people. *Robbins v. Limestone County,* 114 Tex. 345, 268 S.W. 915 (1925). The statutory scheme with which we are now concerned is essentially the same as that which existed before 1925. There are some differences, however. While a Commissioners Court could formerly acquire jurisdiction to establish or discontinue a county road only as the result of a petition being filed with the court by "eight freeholders in the precinct in which such road is desired to be made or discontinued," Tex.Rev.Civ.Stat.Ann. art. 6705, the statutory revision and codification of 1925 eliminated the language essential to this construction. Under the present statutory scheme, a Commissioners Court may establish a county road, discontinue it, or alter it or change its course *either* on the filing of the petition contemplated by article 6705 or on its own motion. *Robison v. Whaley Farm Corporation,* 120 Tex. 633, 37 S.W.2d 714, rehearing denied, 120 Tex. 633, 40 S.W.2d 52 (1931).

■ In its administration of the system of county roads within its county, the Commissioners Court acts not as the county's governing body merely, but exercises the powers of a court of general jurisdiction with respect to such matters; and "[h]aving acquired jurisdiction of the subject-matter and of the party or parties, they may, except as [restrained] or prohibited by law, exercise such powers according to their discretion." *Haverbekken v. Coryell County,* 112 Tex. 422, 247 S.W. 1086 (1923). The exercise of such powers by the Commissioners Court is subject to review in the district court for the county by a suit filed in that court directly attacking the action of the Commissioners Court. Tex. Const. art. 5, §§ 8, 18; Tex.Rev.Civ.Stat.Ann. art. 1908; *Mobil Oil Corporation v. Matagorda County Drainage District No. 3,* 597 S.W.2d 910 (Tex.1980); *Scott v. Graham,* 156 Tex. 97, 292 S.W.2d 324 (1956). The orders of the Commissioners Court must be accorded the same consideration as the judgments of other courts. *Grant v. Ammerman,* 437 S.W.2d 547 (Tex.1969). No principle of law is better settled than that acts of discretion and findings of fact on the part of public officers to which the requisite power is confided, including county commissioners, will ordinarily not be disturbed on appeal. *Williams v. Castleman,* 112 Tex. 193, 247 S.W. 263 (1922).

■ The proper classification of a county road under Tex.Rev.Stat.Ann. art. 6704 is not an issue of fact determinable by a district court with the assistance of a jury based upon the physical condition of the right of way, even on review of the pertinent order of a Commissioners Court. A county road's classification does not change with the growth of trees in the right of way or the finding of an obstruction therein. The purpose of article 6704 is to empower the Commissioners Court to assign county roads to a particular category for administrative purposes, including their maintenance. In assigning a county road to the first class, for example, the Commissioners Court binds the county to keep the road free of obstructions, to supply the requisite causeways, to keep tree stumps below the stated height, and so forth. *Hall v. Houston & T.C.R. Co.,* 52 Tex.Civ.App. 90, 114 S.W. 891 (1908, no writ). To this end, the provisions now found in article 6704 have always been among statutes dealing with the establishment of public roads, followed by an extensive number of statutes which provide for their maintenance. Article 6704 may not be stood on its head to mean the reverse of what we have said. It is, by its very terms, not susceptible of an interpretation that a road's proper classification varies with its physical condition from time to time, unrelated to any official action by the Commissioners Court. While a failure to maintain the road to the requisite standards

may have political, or even legal, consequences, *Hall v. Houston, T.C.R.C., supra,* the road does not thereby cease to be of the class to which it had been assigned by the Commissioners Court, even if the road was never put in the physical condition mandated for its class by article 6704. Rather, when the Commissioners Court finally assigns a new road or an existing road a certain classification under article 6704, it is simply exercising its statutory prerogative and discretion under article 6703 to decree what character of road is expedient and in the public interest, subject to review by the district court for abuse of that discretion or for fraud or collusion. *Tarrant County v. Shannon,* 129 Tex. 264, 104 S.W.2d 4 (1937).

■ The authority of the Commissioners Court to change the classification of a road from a third-class road to one of the first class is given by article 6703. *Wooldridge v. Eastland County,* 70 Tex. 680, 8 S.W. 503 (1888). Once a road of the third class has been laid out by a jury of view, and finally approved by the Commissioners Court, as happened in the present case in 1908 under the undisputed facts, the power of the Commissioners Court to change the classification of the road ends with the adjournment of its term, and the classification may be changed thereafter only by new proceedings and for the purposes specified in Article 6703. *Dunlap v. Hardin,* 223 S.W. 711 (Tex.Civ.App.—Ft. Worth 1920, no writ)

We will measure appellants' points of error against the foregoing principles.

Appellants complain that the trial court erred in setting aside the action of the Commissioners Court declaring the road to be a first-class road, which action was taken on July 14, 1980 after suit was filed by appellees. And, they complain that the trial court erred in entering judgment that the road was a third-class road, notwithstanding the jury's verdict that the road physically met the statutory characteristics of a first-class road. Finally, they complain that the trial court's injunction is vague and overbroad and contrary to the standards required by Tex.R.Civ.Pro. 683 for orders which grant an injunction.

■ . We hold as a matter of law that the road was a third-class road. This classification results from the action of the Commissioners Court in 1908, a final official decree by the Commissioners Court the validity of which is not disputed by the parties. While the 1908 order establishes the road as a public road, and defeats, as a matter of law, any claim in the present case that it was a private road, the appellees, as subsequent purchasers, took their land subject only to the establishment of a road of that class and the public could not by prescription elevate the road to a higher class. *Wooldridge v. Eastland County, supra.* The resolution of the Commissioners Court in 1980, whereby they declared the road to be a first-class road, could not deprive the district court of its appellate jurisdiction which had attached on the filing of appellees' suit in 1979. *Flynt v. Garcia,* 587 S.W.2d 109 (Tex.1979); *Haginas v. Malbis Memorial Foundation,* 163 Tex. 274, 354 S.W.2d 368 (1962); *Isbell v. Kenyon-Warner Dredging Co.,* 113 Tex. 528, 261 S.W. 762 (1924). Nevertheless, that appellate jurisdiction was limited to declaring and enforcing the rights of the parties under the original 1908 classification and the trial court had no jurisdiction to declare, as it did, that the 1980 action of the Commissioners Court was "vacated, set aside, and held for naught...." This necessarily follows from the nature of the resolution passed by the Commissioners Court on July 14, 1980, declaring the road to be one of the first class, and the limitation inherent in the constitutional and statutory power of the district courts to review actions of the Commissioners Court.

■ A change in the road's classification to the first class would increase the burden on appellees' land and the imposition of the additional burden entitles appellees under the Constitution to adequate compensation when the appropriation takes place, if it does. *Wooldridge v. Eastland County, supra.* A county may proceed in eminent domain under a special law, the general eminent domain statutes, Tex.Rev. Civ.Stat.Ann. arts. 3264 *et seq.,* or under

the statutory scheme set out in Tex.Rev. Civ.Stat.Ann. arts. 6702 *et seq.* when the proceedings are for road purposes. *Tarrant County v. Shannon, supra.* The Commissioner's resolution of July 14, 1980 is evidently an election to proceed under the provisions of Tex.Rev.Civ.Stat.Ann. arts. 6702 *et seq.* It remains for the Commissioners to follow the provisions of article 6705 through 6710 relative to laying out the road, appropriating any additional right of way required, and assessing damages claimed by appellees, from which appellees may appeal as provided in article 6710. The action of the Commissioners Court in passing the resolution of July 14, 1980 was not in any sense a final action which a district court had jurisdiction to review under Article 5, § 8 of the Constitution of Texas or under Tex.Rev.Civ.Stat. art. 1908. *Bird v. Alexander,* 288 S.W. 606 (Tex.Civ.App.—Dallas 1926, no writ). While such a resolution is an act of the Commissioners Court, it is patently not a final act subject to judicial review. Therefore, the trial court had no jurisdiction to declare the resolution of July 14, 1980 "vacated, set aside, and held for naught...."

■ The trial court's final judgment suffers from another patent defect which results from the court's attempt to act beyond its jurisdiction. While the trial court could properly have enjoined appellants from interfering with appellees' erection of a gate across the road, of a character delimited by Tex.Rev.Civ.Stat.Ann. art. 6712, the judgment of that court is so broad as to prohibit the Commissioners Court of Hays County from ever changing the classification of the road, abandoning it, or altering its route, all of which are matters of discretion conferred upon the Commissioners Court by the Legislature in the delegation of sovereign power contained in Tex.Rev. Civ.Stat.Ann. arts. 6702 through 6710. The judgment provides:

> The Defendants herein, and their successors in office, are hereby *permanently* enjoined from interfering with the Plaintiffs, their heirs and assigns, in their use and enjoyment of such third class road

and the rights and privileges accorded them under the laws of this State. (emphasis added)

The trial court could not validly control, as it purported to do, the future exercise of that discretion which the Legislature has placed in the Commissioners Court relative to the establishment, discontinuance, alteration, changing, and vacating of county roads in Hays County. *Tarrant County v. Shannon, supra; Williams v. Castleman, supra.* We sustain appellants' point of error which complains that the trial court judgment is insufficiently specific and overbroad.

We therefore hold as follows: (1) We affirm that part of the judgment of the trial court which declares that Bell Springs Road is a third-class county road, doing so as a matter of law resulting from the undisputed fact that in 1908 the Commissioners Court so established the road after appointing a jury of view to lay out the road; (2) we reverse that part of the judgment of the trial court vacating, setting aside, and holding for naught the resolution of the Commissioners Court of Hays County, passed July 14, 1980, and declaring Bell Springs Road to be a first-class county road; (3) we reverse that part of the judgment of the trial court which permanently enjoins appellants from interfering with appellees' use and enjoyment of "such third class road and the rights and privileges accorded" appellees "under the laws of this State," and (4) we affirm the judgment of the trial court awarding appellees their costs of court.

Any future controversy which may issue from appellees' exercise of their legal right, under Tex.Rev.Civ.Stat.Ann. art. 6712, to erect a gate across Bell Springs Road, as a result of its being declared a third-class road, is necessarily contingent and not ripe for judicial review at the present time. We will not presume that appellants will interfere with appellees' legal right to erect a gate that complies with the requirements of article 6712; although it is obvious that if appellees choose to exercise their legal right by actually erecting a gate across the road,

the parties may have different positions regarding its necessity and its compliance with the other provisions of article 6712. We may not, nevertheless, anticipate the particulars of that controversy, should it arise. Accordingly, we hold that supplemental relief by way of injunction is neither proper nor necessary in the present cause. Tex.Rev.Civ.Stat.Ann. art. 2524–1 § 8.

PHILLIPS, C.J., not participating.