

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 1, 2007

The Honorable Mark F. Pratt
Hill County Attorney
Post Office Box 253
Hillsboro, Texas 76645

Opinion No. GA-0513

Re: Whether a county may improve a subdivision road under the authority of a statute other than Transportation Code chapter 253 (RQ-0521-GA)

Dear Mr. Pratt:

You ask two questions:

> 1. [W]hether Chapter 253 of the Texas Transportation Code is the exclusive means whereby a county may improve a subdivision roadway although the public has already acquired an interest in the roads and streets.
>
> 2. [W]hether a public road acquired through dedication, once accepted, automatically is included into the county's road maintenance system where maintenance of such roads is mandatory, even if the Commissioners Court has expressly rejected the duty to maintain the roads.[1]

Because the answer to your first question depends on the answer to your second one, we will answer your second question first.

We begin with a review of the applicable law. We note that Hill County has a population that is less than 50,000.[2] As such, Texas Transportation Code chapter 281 governs Hill County's authority to acquire a public interest in a private road. *See* TEX. TRANSP. CODE ANN. §§ 281.001–.007 (Vernon 1999) ("Acquisition of Public Interest in Private Road by Certain Counties"); *id.* § 281.001 ("This chapter applies only to a county with a population of 50,000 or

---

[1]Letter from Honorable Mark F. Pratt, Hill County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Aug. 9, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter]; *see also* Brief on behalf of Hill County, at 1 (attached to Request Letter) [hereinafter Brief].

[2]*See* UNITED STATES CENSUS BUREAU, U.S. DEPT. OF COMMERCE, 2000 CENSUS OF POPULATION: TEXAS QUICKFACTS (population of Hill County is 35,424), *available at* http://quickfacts.census.gov/qfd/states/48/48217.html (last visited Jan. 29, 2007).

less."). Transportation Code section 281.002 permits a county to acquire a public interest in a private road by, among other things, dedication. *Id.* § 281.002(3); *see also* TEX. LOC. GOV'T CODE ANN. §§ 232.001–.010 (Vernon 2005) (procedural requirements for platting subdivisions, including procedural requirements for dedicating subdivision roads to the public). Dedication, however, is effective for chapter 281's purposes only if it is "an explicit voluntary grant of the use of a private road for public purposes [that is] communicated in writing to the commissioners court of the county in which the real property is located." TEX. TRANSP. CODE ANN. § 281.003(a) (Vernon 1999).

It has long been established that "dedication is a mere offer" and a commissioners court's approval of a plat filing that contains a dedication does not constitute an acceptance of the dedication. *Langford v. Kraft*, 498 S.W.2d 42, 49 (Tex. Civ. App.—Beaumont 1973, writ ref'd n.r.e.; writ dism'd w.o.j.[3]); *see also* TEX. LOC. GOV'T CODE ANN. § 232.002 (Vernon 2005) (requiring county approval of plats). Once a road dedicated to the public is accepted, either expressly by the county or by the public on the county's behalf, it is a public road. *See Stein v. Killough*, 53 S.W.3d 36, 42 n.2 (Tex. App.—San Antonio 2001, no pet.). However, until a county, through its commissioners court, expressly accepts a public interest in a road dedicated in a plat, that road is not included in the county's road maintenance system, even though the road may have already become public by the public's acceptance of it. *See Miller v. Elliott*, 94 S.W.3d 38, 45 (Tex. App.—Tyler 2002, pet denied); *Comm'rs Ct. v. Frank Jester Dev. Co.*, 199 S.W.2d 1004, 1006–07 (Tex. Civ. App.—Dallas 1947, writ ref'd n.r.e); Tex. Att'y Gen. Op. No. GA-0139 (2004) at 4.

You inform us that in March 1983 the Hill County Commissioners Court approved by resolution a plat establishing the Tall Timbers Estates subdivision; the plat included a public dedication of the subdivision's streets and roads. *See* Brief, *supra* note 1, at 1. Relevant here, the Hill County resolution states that the dedication and plat are accepted, but "such acceptance shall impose no duty upon the County concerning maintenance or improvement of the streets and roads" described in the plat. *Id.* And, indeed, you note that for some period of time, the roads in Tall Timber Estates were not maintained by the county, until about ten years ago when the commissioner of the precinct containing the subdivision started to maintain the roadways. *See id.* Based on this information, we understand you to ask whether, despite Hill County's expressed refusal to maintain or improve the roads dedicated in the plat, the county has nonetheless accepted the public roads into its county road system. *See id.*; *see also* Request Letter, *supra* note 1, at 1.

A substantially similar question has been answered by a Texas appellate court. In *Kunefke v. Calhoun County*, the Thirteenth Court of Appeals determined that a county's failure or refusal to maintain subdivision roads that had not been constructed but that were dedicated to the public in a plat is still an acceptance by the county of that road into the county's road maintenance system. *See Kunefke v. Calhoun County*, No. 13-05-006-CV, 2006 WL 1553261, at *3–4 (Tex. App.—Corpus Christi 2006, no pet.) (mem. op.).[4] In that case the Calhoun County Commissioners Court stated in

---

[3]Two causes were reviewed in a single opinion.

[4]The dedication and plats underlying *Kunefke* were submitted to this office and formed the basis of questions answered in an attorney general opinion issued in 2004. *See* Tex. Att'y Gen. Op. No. GA-0139 (2004). This office

(continued...)

writing that it accepted a subdivision plat dedicating its "streets and drainage easements shown thereon forever," but that the "streets are not being accepted for county maintenance until they are constructed in accordance with County regulations." *Id.* at *1. As an explanation for this qualified acceptance, a Calhoun County Commissioner explained:

> It is the common practice of the Commissioner's Court to accept the right of ways for public use, based upon the scope of their authority, but not for maintenance if there have been no roads constructed upon the right of ways at the time of the dedication and acceptance. It is impracticable and impossible for the County to accept these rights of ways for maintenance, when there have been no roads constructed on them at the time of acceptance, especially if the roads may not be constructed for a period of time.

*Id.* at *3. Ultimately, the court held that, though such failure or refusal to maintain roads may have political, or even legal, consequences, there is no legal authority that undermines the nature of such qualified acceptance. *See id.* at *4 (comparing *Hays County v. Alexander*, 640 S.W.2d 73, 78–79 (Tex. App.—Austin 1982, no writ)).

While *Kunefke* is a memorandum opinion and thus would presumably be less instructive,[5] we believe it is useful in predicting how a court would answer your questions today. Moreover, we believe this opinion accurately interprets current law and is directly applicable to your question. Therefore, in answer to your second question, where a county accepts in writing a public road dedication made in a subdivision plat, such acceptance is effective to include the roads into the county road maintenance system, even though the county also refuses at the same time to maintain or improve the roads.

We understand you to also ask whether Transportation Code chapter 253 is applicable in a situation where a county has acquired a public interest in a private road. *See* Request Letter, *supra* note 1, at 1; Brief, *supra* note 1, at 1. Transportation Code chapter 253 governs a county's authority to improve subdivision roads in which the county has not acquired a public interest—that is, subdivision roads not already in the county road maintenance system. *See generally* TEX. TRANSP. CODE ANN. §§ 253.001–.011 (Vernon 1999 & Supp. 2006). Here, Hill County has already acquired a public interest in the roads in question by complying with Transportation Code chapter 281, which

---

[4](...continued)
determined that, based on the assumption that the commissioners court had not accepted the dedicated roads in question, the county had no authority to maintain the roads. *See id.* at 4. Attorney general opinions are legal opinions that may be based on an assumed set of facts, but they do not find facts or resolve issues of fact. *See* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1. As such, we affirm the legal conclusions in GA-0139 though some conflict with the legal conclusions in *Kunefke* because each considered a different fact scenario. *Compare Kunefke*, 2006 WL 1553261, at *3–4 (finding acceptance of road dedication), *with* Tex. Att'y Gen. Op. No. GA-0139 (2002) at 3 (assuming no acceptance of road dedication).

[5]*See* TEX. R. APP. P. 47.2, 47.4.

for counties with a population less than 50,000 serves as an alternative method to chapter 253. *See* Tex. Att'y Gen. Op. No. GA-0139 (2004) at 7 (concluding that chapters 253 and 281 are cumulative); *see also* TEX. TRANSP. CODE ANN. §§ 253.011 (Vernon 1999) ("A road improved under this chapter is a county road [that] . . . [t]he county shall maintain . . . ."); 281.002 ("A county may acquire a public interest in a private road . . . by . . . dedication . . . ."). Thus, in answer to your first question, Transportation Code chapter 253 is not applicable in this instance.

# S U M M A R Y

Where a county accepts in writing a public road dedication made in a subdivision plat in conformity with Transportation Code chapter 281, such acceptance is effective to make the roads county roads, even though the county also refuses at the same time to maintain or improve the roads. Thus, where Hill County has already acquired a public interest in a subdivision road by dedication, the county need not comply with Transportation Code chapter 253, which is an alternative to chapter 281 and is applicable only in the situation in which a county has not acquired a public interest in a subdivision road.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee